(December 2, 1912.)

E. L. McDONALD et al., Appellants, v. E. I. CHALLIS, Respondent.

[128 Pac. 570.]

MISCONDUCT OF JURY—SATISFACTION OF CHATTEL MORTGAGE—INSTRUCTIONS.

(Syllabus by the court.)

1. Affidavits charging misconduct of jury examined and held insufficient to show any injustice sustained by the moving party or substantial reason for granting a new trial.

2. In an action by mortgagor against a mortgagee for damages and penalty under sec. 3402, Rev. Codes, on appeal from the judgment where the evidence is not brought up in the record, instructions will not be considered, although excepted to in the lower court, where the appellate court cannot say as a matter of law that such instructions would have been erroneous under any state of facts

which might have been presented in the case; but, on the contrary, the appellate court will assume that the instructions were given in the light of the evidence adduced on the trial.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. R. N. Dunn, Judge.

Action by plaintiffs for damages and penalty for failure to discharge and cancel a chattel mortgage. Judgment for defendant and plaintiffs appeal. *Affirmed.*

R. M. Smith, for Appellants.

"An appeal founded on the giving of erroneous instructions will not be dismissed for failure to set out the evidence, where the errors assigned could not have been correct under any evidence." (Sutherland on Pleading, sec. 1901, and cases cited; Hayne, New Trial and Appeal, sec. 130.)

Lynn W. Culp, for Respondent.

AILSHIE, J.—This action was instituted by the appellants as mortgagors to recover damages and the statutory penalty, under sec. 3402, Rev. Codes, against the respondent for failure and neglect to cancel and satisfy a mortgage of record which the appellants claimed and alleged had been paid in full. Respondent answered, and the case went to trial and resulted in a judgment in favor of the respondent. This appeal was thereupon prosecuted.

The first proposition presented is that the jury were guilty of misconduct which prejudiced the appellants and prevented them having a fair and impartial verdict. Certain affidavits were filed in which it was claimed that one of the jurors made certain statements in the jury-room which tended to the prejudice of the plaintiffs, and this is contradicted by counter-affidavit by other jurors who say they did not hear any such statements. The affidavit also states that the attorney for the defendant in course of his argument to the jury stated that one of the plaintiffs was not present at the trial, and conse-

quently did not testify because he was too honest to come into court and testify in the case. The record fails to show that any objection was taken to this statement made by the attorney or that any exception was taken thereto, or that the matter was called to the attention of the trial court at the time. This is sufficient for disregarding the objection in this court. The showing as to misconduct of the jury is too vague and indefinite, and of too uncertain and trivial character to justify disturbing the verdict.

It is next contended that the court erred in giving certain instructions to the jury. The evidence has not been brought to this court, and so we are unable to say and do not know what the evidence was, and are, therefore, not prepared to say that the instructions were erroneous as applied to the evidence in the case. On the other hand, we cannot say that these instructions would have been erroneous and prejudicial under any state of facts that might have been shown. On the contrary, we can imagine a state of facts under which the instructions would have been a fair statement of the law, and in the absence of the evidence it is our duty to assume that it was such as to call for the instructions that were given.

We find no error in the record, and the judgment must therefore be affirmed. Judgment affirmed, with costs in favor of respondent.

Stewart, C. J., and Sullivan, J., concur.