(No. 6443.   February 5, 1938.)

R. E. SHADDY and CORA SHADDY, Husband and Wife, Respondents, v. LON DALEY, Appellant.

[76 Pac. (2d) 279.]

Harry Benoit, for Appellant.

Rayborn & Rayborn, for Respondents.

MORGAN, J.—About 2 o'clock in the morning of April 19, 1936, Robert Shaddy, respondents' son, eighteen years old, was driving a coupe on the highway, in a northerly direction, through Hagerman valley. Two young men of about his age were riding in the seat with him. They were met by appellant and another man in an auto truck, which appellant was driving. The meeting resulted in a collision between the

coupe and truck. The evidence as to who was to blame for the collision is very conflicting. Testimony produced on behalf of respondents was to the effect that the truck, the body of which was more than 80 inches wide, was proceeding without clearance lights (a violation of I. C. A., sec. 48–545–e) and that it was being driven in the middle of the highway instead of on its driver's right hand side thereof (as required by I. C. A., sec. 48–509). Appellant and the man who was with him in the truck testified it was equipped with clearance lights which were burning; that the coupe approached the point of collision at a high rate of speed and was weaving back and forth across the road; that appellant drove the truck to his right hand side of the road as far as he could without going into the ditch; reduced the speed to between twenty and twenty-five miles an hour and that the coupe was so driven as to "side swipe" the truck. The collision resulted in an injury to respondents' son from which he died. This action was commenced to recover damages for his death. The trial resulted in a verdict and judgment for plaintiffs in the sum of $5,468.95 and costs. Defendant moved for a new trial, which was denied. He has appealed from the judgment and from the order denying a new trial.

█ Appellant complains of the conduct of counsel for respondents in propounding the following question to a prospective juror on his *voir dire* examination:

"Are you or have you been employed by an insurance company insuring automobiles and trucks against accidents?"

The theory on which this assignment is based is that the question had a tendency to inform the members of the jury that appellant was protected by insurance against loss in the event a judgment for damages, because of the accident, should be secured against him. If respondents' counsel was not in good faith in propounding the question to the prospective juror, in an effort to ascertain whether or not he was, or had been, engaged in employment which would have a tendency to bias him in his consideration of the case, it is not apparent from the record. He was within his rights in propounding the question. (*Wilson v. St. Joe Boom Co., Ltd.,* 34 Ida. 253, 200 Pac. 884; *Cochran v. Gritman,* 34 Ida. 654, 203 Pac. 289;

*Bressan v. Herrick,* 35 Ida. 217, 205 Pac. 555; *Faris v. Burroughs Adding Machine Co.,* 48 Ida. 310, 282 Pac. 72.)

On the same theory, fault is found with a statement made by respondents' counsel in his opening argument to the jury, as follows:

"Now, gentlemen, don't let Mr. Benoit say to you that if you gave a judgment to the plaintiffs against Daley that Daley couldn't pay that judgment. Leave it to Captain Porter and myself to collect the judgment if you give us one."

The record does not disclose what objection, if any, was made to that statement by respondents' counsel, nor what ruling, if any, was made on that objection. If, during the course of a trial, counsel for one of the parties litigant is guilty of conduct which counsel for the other party believes is prejudicial to his client's rights, it is the duty of the latter to make objection thereto, and to ask that the jury be instructed to disregard it, or to move for an order declaring a mistrial. A litigant is not permitted to remain silent under such circumstances with a view to accepting the benefits of a judgment if he wins and of having it vacated and set aside if he loses. (*Palcher v. Oregon Short Line R. R. Co.,* 31 Ida. 93, 169 Pac. 298; *Labonte v. Davidson,* 31 Ida. 644, 175 Pac. 588; *De Lamater v. Little,* 32 Ida. 358, 182 Pac. 853.)

Appellant complains that the verdict is excessive, and that the jury arrived at it under the influence of passion or prejudice. The evidence shows deceased was an industrious boy; that he worked, whenever he could find work to do, and contributed a considerable part of his earnings toward the support of his parents and their family; also that he was dutiful and obedient. The amount of recovery in excess of $5,000 was made up of items of expense to his parents which directly resulted from his injury and death. I. C. A., sec. 5–310, gives to parents the right to maintain an action for the death of their minor child, and sec. 5–311 provides:

"In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just."

The amount of recovery in this case does not appear to us to be unjust.

Appellant has assigned as error the judge's refusal to give a number of instructions which he requested be given. The rules of law sought to be invoked in these requested instructions were, except that asked for in request numbered 14, correctly stated by the judge in the charge given to the jury. The refusal to state the law, in language in which it was expressed in the requests, when correctly stated in other appropriate language in the charge to the jury, was not error. (*Burns v. Getty*, 53 Ida. 347, 24 Pac. (2d) 31; *Reinhold v. Spencer*, 53 Ida. 688, 26 Pac. (2d) 796; *State v. Richardson*, 56 Ida. 150, 50 Pac. (2d) 1012.)

Evidence was introduced tending to show appellant did not stop at the scene of the accident, as required by I. C. A., sec. 48-528, nor report it, as required by I. C. A., sec. 48-529. The request numbered 14, which was not covered by instructions given, was as follows:

"You are instructed, gentlemen of the jury, that the question of whether the defendant reported the accident to the authorities, and whether the defendant stopped after the accident, could not be a proximate cause of the accident *and is immaterial in so far as negligence on the part of the defendant is concerned, and should not be considered by you in determining whether there was any negligence on the part of the defendant.*"

That request may be divided into two parts and we have caused a portion of it to be printed in italics in order to separate and distinguish one part from the other.

The first part of the requested instruction states a fact which cannot successfully be disputed. The last part attempts to apply to that fact a conclusion of law which has no proper application to it.

There is conflict in the evidence as to whether appellant stopped at the scene of the accident. If he did not stop, his failure to do so was a crime. He contends the accident was caused by the negligence of deceased. If that be true, it would have been natural for appellant to stop at the scene of the accident, even if the law had not required him to do so. Failure of the driver of a motor vehicle to stop at

the scene of an accident in which he is involved and, if it be such a one that the law requires a report of it to be made to the authorities, his failure to so report, are admissible in evidence as a circumstance tending to show a consciousness on his part of his responsibility for the accident. Such failure is comparable to flight of an accused from the scene of a crime, which has been held "to be proper evidence to go to the jury, as tending to disclose a consciousness of guilt in the mind of the defendant." (*State v. Baird,* 13 Ida. 29, 31, 88 Pac. 233, 234; *State v. Bush,* 50 Ida. 166, 295 Pac. 432.)

In *Quillin v. Colquhoun,* 42 Ida. 522, 540, 247 Pac. 740, 745, this court said:

"The refusal of the court upon cross-examination of Mrs. Colquhoun to allow her answer as to whether or not she took the names of the witnesses who were present at the accident and reported the accident to the sheriff or any police officer was not improper under the facts in this case since her actions in that regard had no bearing upon the negligence causing the collision and were not material to a decision in the case."

That holding was made, "under the facts in that case." A number of disinterested witnesses were present at the scene of that accident and the failure of one of the parties involved in it to report it could not have resulted in concealing the identity of either participant. In this case, appellant and the man who was riding with him testified they alighted from the truck immediately after the collision; that the coupe did not stop and they watched it until it vanished in the distance.

Evidence introduced on behalf of respondents shows the coupe was stopped immediately after the accident, and the truck did not stop. Who was telling the truth about the matter was, of course, a question for the jury. Where such an accident as we have here under consideration has occurred, and one of the parties to it fails to stop, and fails to report it to the authorities, as required by law, his "actions speak louder than words," and it would be erroneous to instruct the jury that evidence thereof is immaterial.

While, as heretofore stated, the evidence as to whose negligence caused the accident is conflicting, it is sufficent to

sustain the verdict. The judgment and order appealed from are affirmed. Costs are awarded to respondents.

Holden, C. J., and Ailshie and Givens, JJ., concur.

Budge, J., concurs in the conclusion reached.