(No. 39144.—

MARY MARUT, Appellee, *vs.* JOHN COSTELLO *et al.,*
Appellants.

*Opinion filed Jan. 25, 1966.—Rehearing denied March 23, 1966.*

J. V. SCHAFFENEGGER, of Chicago, (JAMES P. CHAP-
MAN, of counsel,) for appellants.

JEROME H. TORSHEN, of Chicago, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the
court:

Mary Marut, a tenant of a first-floor apartment of a
building in Chicago, at the request of a neighbor in looking
after the neighbor's baby while her mother was shopping,
went up an open back stairway of the apartment building to
the neighbor's apartment. While coming back down the
stairs which were icy and snowy, she slipped, fell and in-
jured her back. She brought this suit against the owners of
the building. Defendants denied negligence and alleged
plaintiff's injury was caused by an earlier fall she had while
working as a waitress at the Blackhawk Restaurant two
years before.

The jury returned a verdict for defendants and judg-
ment was entered on the verdict. Plaintiff's post-judgment
motion was denied. The appellate court reversed and re-
manded with directions for a new trial.

The basic issue raised centers around certain cross-ex-
amination of plaintiff concerning a prior fall and the result-
ing injuries from it. During the trial, defendants cross-
examined plaintiff as to this prior fall and complaints of
pain in her low back before the incident sued on here. In
such cross-examination, the record of the Industrial Com-

mission which heard her claim on that fall was introduced. In testimony before the Commission on March 7, 1960, four days after this accident, her doctor testified that in his opinion she would be unable to return to work as a waitress due to the injury sustained in the restaurant fall in 1958. Plaintiff testified before the Commission a few days before her second fall that her physical condition was not at all good. Objection was made to this evidence, but defendants' attorney represented he would connect it with the present injury.

Defendants contend that even if the 1958 injury was not connected to the 1960 occurrence, evidence of the earlier injury was relevant to impeach and rebut plaintiff's testimony that she injured her low back on March 3, 1960, and that just prior thereto her condition was such that she was to return to work as a waitress in a few months, to show that her claimed total disability was due in part to other causes and that she was contributorily negligent in trying to walk up stairs covered with snow and ice when she was in a very disabled condition.

Defendants further contend that upon cross-examination it is proper to inquire into any matter brought out on direct examination and that the evidence complained of first was testified to by plaintiff on her direct examination. Finally, defendants assert that the appellate court erred in holding as reversible error an allegedly erroneous instruction which was not assigned as error on appeal.

On direct examination, plaintiff was asked if she injured her neck in 1958. She testified that she did so while employed at the Blackhawk Restaurant, but denied that she had any injury to her low back area on that occasion. Thereafter, the cross-examination occurred which is sought to be justified by the foregoing direct testimony.

As we held in *Muscarello* v. *Peterson,* 20 Ill.2d 548, cross-examination is limited to matters brought out on direct examination, but this rule should not be given a narrow

or technical application. The purpose of cross-examination is to obtain the truth. However, the matters inquired into must be relevant to the case on trial. This question of relevancy was passed upon in *Caley* v. *Manicke*, 29 Ill. App. 2d 323, (reversed on other grounds in 24 Ill.2d 390,) where it was said that the question was whether the evidentiary facts offered proved or tended to prove or disprove a given proposition material to the case as shown by the pleadings. Relevancy is established where a fact offered tends to prove a fact in controversy or renders a matter in issue more or less probable. To be probable, it must be tested in the light of logic, experience and accepted assumptions as to human behavior.

Defendants claim that this injury was caused by a prior accident. The first accident required three operations upon the cervical spine. The instant one required three major operations upon the lower back or lumbar area. At no point was there any connection shown between the two accidents. There was nothing shown to prove or disprove this proposition. Hence, we must hold that the cross-examination amounted to reversible error as not being on the principal element of this cause of action. Further, it appears from the record and briefs on appeal that this case was not tried below by defendants on the theories they now advance. Their pleadings and offers of evidence were based upon a contention that the proximate cause of plaintiff's injuries was a prior accident and there was no contention in the trial court that the questioned evidence was permissible to impeach or to show contributory negligence, or plaintiff's prior physical condition.

There was no error in the ruling of the appellate court on the instruction to the jury that defendants claimed plaintiff's injuries were the result of a prior accident. This instruction was erroneous. Plaintiff objected to it in both the trial and appellate courts and the appellate court correctly held it erroneous.

Because of the errors pointed out, the appellate court correctly reversed and remanded for a new trial.

*Judgment affirmed.*