489 P.2d 442

Cora SINCLAIR, Administratrix of the Estate of Herman Sinclair, deceased, Plaintiff-Respondent,

v.

GREAT NORTHERN RAILWAY COMPANY, a corporation, Defendant-Appellant.

No. 10638.

Supreme Court of Idaho.

Oct. 1, 1971.

4. Sanders v. Hamilton, 91 Idaho 225, 227–228, 419 P.2d 667 (1966).

Nixon & Nixon, Bonners Ferry, for appellant.

Wilson & Walter, Bonners Ferry, for respondent.

McQUADE, Chief Justice.

On December 6, 1967, Herman Sinclair was struck by a derrick car being pushed by a work train of the Great Northern Railway while walking along its tracks. The injuries he sustained led to his death a short while later. The derrick was on a flatcar and was being pushed to the scene of a derailment to which the decedent was also heading. Sinclair was employed by the Great Northern at the time of the accident and had worked for the railway for approximately twenty-seven years. Sin-

clair's widow, Cora Sinclair, brought suit against the Great Northern on two causes of action under the Federal Employers' Liability Act. The first was an action for the pain and suffering of her husband prior to his death shortly after the accident. (Such an action is permissible under the controlling F.E.L.A. law). The second cause of action sought compensatory damages for her own losses as a result of his death. The jury awarded Cora Sinclair $10,000 on the first cause of action and $77,748 on the second cause of action. (Under the F.E.L.A. comparative negligence is applied). Defendant filed a motion for a new trial or in the alternative for remittitur, which motion was denied by the trial court.

■ The appellant's first assignment of error is that the plaintiff was primarily negligent and that his negligence was not taken into account by the jury's verdict. The appellant contends that the decedent Sinclair was primarily or "ninety-five per cent" negligent in that he should not have been walking along the tracks in the manner he was and that he should have noted the approaching work train and various warning devices. There is no merit to this contention since the evidence elicited at trial would allow a jury to reasonably make the conclusions it did. That is, there was evidence on behalf of the respondent to the effect that the appellant's work train was proceeding at about 15–20 miles per hour at the time of the accident. The engine was pushing the crane or derrick which was mounted on a flatcar. The engineer of the train testified that he could not see around the crane for at least 300 or 400 feet. The crane operator was facing backwards and there was no lookout on either the train or the flatcar which actions could constitute a violation of railroad safety regulations, depending on the circumstances. The respondent also produced testimony that other people in the area at the time of the accident could not hear any warning whistle or bell from the train in the vicinity of the accident due to the very loud noise some heavy equipment was making.

■ Since this was an F.E.L.A. action, federal law and not Idaho law governs appellant's first assignment of error. The appellant admits that it was negligent. The correct law to be applied to an F.E.L.A. problem such as this was correctly stated in Dennis v. Denver & R. G. W. R. Co.,[1]

> "Once it is shown that 'employer negligence played any part, even the slightest, in producing the injury,' Rogers v. Missouri Pac. R. Co., 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493, a jury verdict for an employee may not be upset on the basis of his own negligence, no matter how substantial it may have been, although the jury may, of course, take petitioner's negligence into account, as it did here, in arriving at the final verdict."

*Dennis* goes on to say that if there was sufficient evidence to support the jury's conclusion, " 'the appellate court's function is exhausted' " and it "[can] not properly substitute its judgment for that of the jury * * *."[2] In the case at bar the jury was properly instructed regarding comparative negligence under the F.E.L.A. and this Court will not weigh the evidence on appeal.[3]

■ Appellant's second assignment of error is that the plaintiff-administratrix did not have the capacity to bring the first cause of action since I.C. § 5–905 permits only six months for the setting aside of a decree or an order of discharge of a probate estate. Over one year had passed from the date of the closing of the estate of Herman Sinclair and the time the motion to re-open on behalf of Cora Sinclair was granted. Therefore, it is the appellant's contention that the re-opening of the closed estate of Herman Sinclair during the first day of trial on October, 1969, one year

---

1. 375 U.S. 208, 210, 84 S.Ct. 291, 293, 11 L.Ed.2d 256 (1963).

2. Dennis v. Denver & R. G. W. R. Co., at 210, 84 S.Ct. at 293.

3. *See also* 45 U.S.C.A. § 53.

after its closing was improper and that the closing of said estate barred and estopped Cora Sinclair from suing as administratrix for the pain and suffering of her decedent husband under the F.E.L.A.

 Appellant apparently agrees that the federal law of comparative negligence as stated under the controlling F.E.L.A. sections governs this case. The same should be true regarding federal vs. state statutes of limitations under the F.E.L.A. It seems clear that Congress has chosen to pre-empt this area of railroad employer-employee relations in that state law, which includes state statutes of limitations such as I.C. § 5–905, is not controlling when a case is brought under the F.E.L.A. and there is a federal-state conflict. That is, the rights and remedies of an injured employee created by Congress under the F.E.L.A. will not be curtailed or will not be denied due to any state law. 45 U.S.C.A. § 56 permits a period of three years within which to bring an action such as the case before us. It is this period of time and not that as stated in I.C. § 5–905 which controls the cause of action in question.[4]

 Appellant has next assigned as error that the jury awarded excessive damages in both causes of action because of passion and prejudice against defendant. The question of excessiveness of a verdict is exclusively for the trial court and not subject to re-examination by an appellate court except for bias, passion or prejudice.[5] The record shows that the trial judge carefully considered any claim for error and, as did the jury, concluded the damages were reasonable.

Appellant's next assignment of error is that at the time of rendering the verdict, and/or on the motion for new trial or judgment n. o. v. the trial court should have subtracted income taxes from the general damages pursuant to the objection and offer of proof made during trial. The appellant agrees in his brief that the better procedure is not to instruct the jury on the income tax consequences, but rather to rely on the trial judge's power to adjust an excessive verdict. This assignment of error is therefore related to that discussed in the preceding paragraph. As stated above, the power to adjust an excessive verdict is solely within the discretion of the trial judge. Such discretion will not be disturbed on appeal unless bias, passion or prejudice is shown.

 The appellant's final assignment of error is that the trial court should have directed a verdict for the defendant in that the plaintiff did not prove his case. We have already discussed the applicable federal law under the F.E.L.A. which controls this matter. Furthermore, the defendant has admitted that he was at least partly negligent. As a matter of law the trial court could not have directed a verdict for the defendant.

 The defendant has also argued in his brief, although he has not assigned such as error, that the plaintiff's counsel made a prejudicial comparison of the plaintiff's case to a condemnation case. However there was no objection made at trial to the comparison and that issue is therefore not reviewable.[6]

Judgment affirmed. Costs to respondent.

McFADDEN, DONALDSON, and SHEPARD, JJ., and MAYNARD, D. J., concur.

4. *See* Knight v. Chicago & N. W. Ry. Co., 3 Ill.App.2d 502, 123 N.E.2d 128, 134 (1954); Osbourne v. United States, 164 F.2d 767, 768 (C.A.2, 1947); Noce v. St. Louis-San Francisco Ry. Co., 337 Mo. 689, 85 S.W.2d 637, 639, 641–642 (1935).

5. Fort Worth & D. Ry. Co. v. Harris, 230 F.2d 680, 682 (5th Cir., 1956); Home Ins. Co. of New York v. Tydal Co., 152 F.2d 309, 311 (5th Cir., 1946); Swift & Co. v. Ellinor, 101 F.2d 131, 132 (5th Cir., 1939).

6. *See*: Ford v. United Gas Corp., 254 F. 2d 817, (C.A.5th 1958), *cert den.* 358 U.S. 824, 79 S.Ct. 40, 3 L.Ed.2d 64; United States v. Vater, 259 F.2d 667 (C.A.2d, 1958); Reck v. Pacific-Atlantic S.S. Co., 180 F.2d 866 (C.A.2d, 1950).