510 P.2d 303

Oscar JOHNSON, Appellant,

v.

Cecil STANGER and Rex Gardner and
Cecil Stanger and Rex Gardner,
a partnership, Respondents.

No. 11064.

Supreme Court of Idaho.

May 21, 1973.

Richard R. Black, Pocatello, for plaintiff-appellant.

Elam, Burke, Jeppesen, Evans & Boyd, Boise, Doerr & Reed, Twin Falls, for defendants-respondents.

McFADDEN, Justice.

This appeal arises out of an action for personal injuries sustained by Oscar A. Johnson, the appellant, while employed by respondents Cecil Stanger and Rex Gardner, co-partners in a farming operation. In response to an advertisement by the partners seeking an experienced "irrigator," Johnson contacted respondent Stanger. Johnson told Stanger that besides having thirty years experience as a coal miner, he was an experienced irrigator. As a result of the interview the partnership hired Johnson and agreed to pay him $400 per month, plus living accommodations. Johnson was to drive a tractor during the fall and spring and to irrigate crops during the summer.

About the first of March, 1970, Johnson and his wife moved into the house provided by the partnership. On his first day of work, March 4, Johnson reported to Gardner for instructions. Gardner told him to assist three other employees engaged in removing cement irrigation "checks" from a ditch. At the work site, Johnson along with Don Fredrickson and Richard Vawser manually removed broken pieces of concrete from the ditch and placed them on a truck. Von Taylor, the other employee, was operating a Case backhoe, a type of tractor with a scoop or bucket in the front and an excavating bucket in the rear. Both of the buckets were hydraulically operated. Taylor used the machine to pry loose, break up and load the concrete checks and debris on the truck. Johnson and the other employees picked up what the backhoe missed. The employees cleaned the ditch until lunch time, about two hours after Johnson appeared on the job.

At lunch time all the men left the work site. Johnson and Fredrickson started to walk towards their vehicles. Taylor drove the backhoe alongside them with Vawser riding in the front bucket. Taylor asked the two men who were walking if they would like to ride in the front bucket. Fredrickson climbed in. Johnson did not get into the front bucket or scoop as he was afraid. At trial he stated he had seen a "man fall out of one of those buckets and get run over." Johnson went to the rear of the backhoe and started to mount the machine. As he was climbing on the rear, the backhoe boom swung and crushed his lower left leg.

The machine had two seats designed for different functions. The forward facing

seat was used when driving the vehicle or operating the front scoop or bucket. The rear facing seat was used when operating the backhoe boom. Both the front scoop or bucket and the backhoe and boom were hydraulically activated. The controls for the front scoop were at the front seat and the controls for the backhoe were at the rear seat. Whenever the engine of the machine was running, there was hydraulic pressure to operate either the front scoop or the backhoe boom.

When Taylor stopped to give the men a ride, he was operating the machine from the front seat and had only a limited view of Johnson going to the rear of the machine. Taylor testified that when he saw Johnson on the rear of the machine, the rear boom of the backhoe was already moving. Taylor stated that he reached backwards with his left hand and depressed a foot pedal in an unsuccessful effort to swing the boom away from Johnson before he was injured.

Johnson instituted this action seeking special and general damages for his personal injuries. The respondents, Stanger and Gardner,[1] by their amended answer denied any negligence on their part and alleged three affirmative defenses, i. e., appellant's contributory negligence, appellant's assumption of the risk of injury, and the fellow servant rule.

The case was tried before a jury which returned a verdict in favor of the appellant for $15,000. The respondents timely moved under I.R.C.P. 50(b) alternatively for judgment notwithstanding the verdict or for a new trial. The trial court granted this motion, entered its order granting a judgment for respondents n. o. v., and contingently ordered a new trial in the event the judgment for respondents be reversed on appeal.[2]

In considering the issues presented by this appeal this Court must first determine whether the record contains any competent evidence from which the jury could have found the respondents or their agents negligent. If such issue is resolved in favor of appellant, the next issue as to the respondents' affirmative defenses must be considered, i. e., whether the respondents established as a matter of law: appellant's contributory negligence, his assumption of risk of injury, and finally, applicability of the fellow servant rule.

In resolving the issues concerning the granting of the judgment n. o. v. for the defendants, the evidence must be viewed in the light most favorable to the plaintiff. Nissula v. Southern Idaho Timber Protective Ass'n, 73 Idaho 37, 245 P.2d 400 (1952). See, Banz v. Jordan Motor Co., 94 Idaho 369, 487 P.2d 1123 (1971); Fawcett v. Irby, 92 Idaho 48, 436 P.2d 714 (1968). Consequently, we must scrutinize the record to see if there is any competent evidence to sustain the jury verdict. Banz v. Jordan Motor Co., supra.

Issues of negligence ordinarily present questions of fact for the jury to resolve. Baker v. Barlow, 94 Idaho 712, 496 P.2d 949 (1972); Otts v. Brough, 90 Idaho 124, 409 P.2d 95 (1965); Allan v. Oregon Short Line R. R. Co., 60 Idaho 267, 90 P.2d 707 (1939). Whenever reasonable, fair-minded persons may differ over inferences and conclusions to be drawn from disputed facts, the issue of negligence is a question of fact for the

---

1. Mr. Uhlig, the lessor of the land to the other two defendants, was named as a defendant. At the close of the trial, Mr. Uhlig moved for a dismissal which the court granted. No appeal has been taken from that order.

2. The trial court in entering its order for judgment n. o. v., and conditionally for a new trial failed to comply with the following mandatory provision of I.R.C.P.

50(c). "If the motion for new trial is thus conditionally granted, *the court shall specify the grounds therefor,* * * *" (Emphasis added.) Cases decided under the comparable federal rule point out inherent dangers of the trial court's failure to comply with this provision. See, Powell v. Lititz Mut. Ins. Co., 419 F.2d 62 (5th Cir. 1969); Ross v. Chesapeake & Ohio Ry. Co., 421 F.2d 328 (6th Cir. 1970).

jury. See, Baker v. Barlow, supra; Otts v. Brough, supra.

 It cannot be said that there is no evidence of negligence on the part of the respondents or their agents. Negligence, of course, involves foreseeability of injury, duty to the appellant, and breach of the duty, and the breach of duty must bear causal relationship to the injury. From the record before the court, a jury could reasonably have found that the respondents owed a duty to appellant to afford him safe conditions in the type and place of his employment. The jury could have reasonably found a breach of the duty owed to appellant by the respondents through their agent's offering a ride on a machine not designed for the transportation of passengers. The jury could reasonably have found that the injury to appellant was reasonably foreseeable and could have found a chain of causation between the breach of the duty and the appellant's injuries. Here the jury returned only a general verdict, and we cannot say what facts the jury found in arriving at its verdict. However, it is the conclusion of the Court that there were sufficient facts before the jury from which it can be said that a finding of negligence, with its attendant factors of duty, breach of duty, foreseeability, and causation, is sustained by this record. Thus, if the trial court based its judgment n. o. v. on the basis of insufficient facts from which negligence on the part of respondents could be found, the trial court erred. Here again, this would be purely conjectural, for we do not have a finding by the trial court as the basis of its order and judgment.

 The next issue, then, is whether the record discloses facts which as a matter of law require a finding that the appellant was guilty of contributory negligence. Although there is some evidence in the record from which a jury could find that appellant was negligent, we do not find his negligence was established as a matter of law. There is sufficient competent, although conflicting, evidence in the record that reasonable, fair-minded persons could

differ over the facts and inferences to be drawn from the facts. Allan v. Oregon Short Line R. R. Co., supra. On the basis of this record the jury could have concluded that the appellant acted in a reasonably prudent manner. Thus if the trial court based its judgment n. o. v. on the basis of appellant's contributory negligence, the court erred. The issue of appellant's contributory negligence in this case is a jury question.

Next, the appellant contends that he did not assume the risk of his injury. In Deshazer v. Tompkins, 89 Idaho 347, 356, 404 P.2d 604, 608 (1965), this Court stated "[t]he question of assumption of risk is generally one of fact to be resolved by the jury, and becomes one of law only when the evidence *is susceptible of no other interpretation than that the injured party assumed the risk.*" (Emphasis supplied.)

 For the appellant to be held to have assumed the risk of his employer's negligence, it must be shown without question that he knew the facts and appreciated the danger. Deshazer v. Tompkins, supra. Fawcett v. Irby, 92 Idaho 48, 436 P.2d 714 (1968). The appellant's testimony emphasizes his lack of knowledge about the backhoe's operation and its potential hazards. He did not know or understand that certain levers and pedals near the back seat operated the backhoe boom from hydraulic pressure or that the engine supplied the hydraulic pressure necessary to move the boom. After Taylor invited him to ride in the front scoop, he went to the rear of the tractor to escape danger. Although there are other facts from which a jury could have found that appellant had assumed the risk of his injury, we cannot conclude on the basis of the record before the Court that without any doubt the appellant knew the facts and appreciated the danger. Whether or not the appellant assumed the risk incident to his injury was a question properly for the jury to decide.

The appellant contends that the affirmative defense of the fellow-servant doctrine interposed by respondents as a bar to appellant's recovery is inapplicable to this

case. The jury was instructed as to the law concerning the fellow-servant doctrine. Neither party has questioned the propriety of the instructions given on this defense. See, Brayman v. Russell & Pugh Lumber Co., 31 Idaho 140, 169 P. 932 (1917).

██ In Brayman v. Russell & Pugh Lumber Co., this court stated:

"The courts are not in harmony as to what is necessary to establish the relation of fellow servant, some holding that those are fellow servants who serve the same master, work under the same control, and are engaged in the same general business. Having in mind the very reason for the adoption, by the courts, of the fellow-servant doctrine, we hold that the rule supported best by reason and authority is that stated in Chicago City R. Co. v. Leach, *supra* [208 Ill. 198, 70 N.E. 222] as follows: 'Those are fellow servants who are co-operating, at the time of an injury, in the particular business in hand or whose usual duties are of a nature to bring them into habitual association or into such relation that they can exercise an influence upon each other promotive of proper caution.' " 31 Idaho at 150-151, 169 P. at 934.

The record before the Court discloses that the appellant had been working for only a couple of hours before he was injured; and that he was engaged in the manual labor of cleaning up the ditches. Taylor, the operator of the backhoe, on the other hand was engaged in the operation of the machine; and at the time of the accident, these people had stopped working and were preparing for their lunch. Similar to the discussion concerning contributory negligence, and assumption of the risk, here

too, this Court is of the opinion that this was a factual issue presented to the jury which the jury resolved against the respondents. It is our conclusion that there were facts from which the jury reasonably could have found against the respondents on this issue.[3] The trial court erred in granting the judgment n. o. v.

██ Finally, we turn to the trial court's failure to state the grounds for granting a new trial in case the judgment n. o. v. be set aside on appeal. I.R.C.P. 50(c) states explicitly: "If the motion for new trial is thus conditionally granted, the court *shall specify the grounds therefor,* and such an order does not affect the finality of the judgment." (Emphasis added.) Furthermore, I.C. § 10–602 specifies the grounds for which a new trial or judgment n. o. v. may be granted. The respondent's motion for judgment n. o. v. or for a new trial specified insufficiency of evidence to find negligence, excessive damages, insufficiency of evidence to sustain the verdict and errors in law as grounds for the motion under I.C. § 10–602. We have dealt with all these issues and resolved them in favor of the appellant. Examination of respondents' motion for judgment n. o. v. or for new trial reflects no grounds for new trial other than those previously discussed. Not being favored with the trial court's statement as to the grounds for granting the new trial, this court can only assume there was no other basis considered by the trial court in conditionally granting the motion for new trial.

The jury by its verdict found the respondents negligent, and we have concluded that there is evidence in the record from which the jury could find the appel-

3. In Bennett v. Messick, 76 Wash.2d 474, 457 P.2d 609 (1969), the Supreme Court of Washington held that the trial court properly refused to instruct the jury on the fellow-servant rule, where the plaintiff, a fruit picker, was injured by a forklift tractor operator. There suit was against the employer of both the plaintiff and forklift operator. That court stated: "We said that we will not extend the bar to recovery when the servant whose negligence causes the injury has the exclusive control of the instrumentality by which the injury is inflicted. The reasoning behind that exception is based on the theory that the exclusive control of the vehicle which creates the danger is a nondelegable duty and remains the responsibility of the master. As far as the operation of the instrumentality is concerned, the operator stands in the shoes of the master and is considered a vice-principal, not a fellow servant." 457 P.2d at 610.

lant's injuries resulted from the respondents' negligence and that there is sufficient evidence for the jury to conclude that appellant was not contributorially negligent. Also, we found that the defenses of assumption of risk and the fellow-servant rule were jury questions. Neither party complained of the trial court's instructions concerning the law of negligence, the applicable defenses, or the damages. In view of the proper instruction of the applicable law given and of the presumption that the amount of damages was determined by the jury on the basis of those instructions, and of our conclusion that the record is otherwise bereft of error, we find no reason to cause or permit the case to be retried. See, Powell v. Lititz Mut. Ins. Co., 419 F. 2d 62 (5th Cir. 1969); Ross v. Chesapeake & Ohio Ry. Co., 421 F.2d 328 (6th Cir. 1970). See generally, O'Neil v. W. R. Grace & Co., 410 F.2d 908 (5th Cir. 1969).

The judgment notwithstanding the verdict in favor of the defendants-respondents will be vacated and set aside, and the judgment entered November 9, 1971, in favor of the plaintiff-appellant pursuant to jury verdict will be reinstated. Costs to appellant.

DONALDSON, C. J., and SHEPARD, McQUADE and BAKES, JJ., concur.