535 P.2d 1095

**Thomas B. ANNAU and Janet Annau, divorced individuals, Plaintiffs-Appellants,**

v.

**Everett SCHUTTE and Trans-Pac Leasing Inc., an Oregon Corporation, Defendants-Respondents.**

No. 11636.

Supreme Court of Idaho.

May 20, 1975.

Paul M. Beeks of Kramer, Smith & Beeks, Twin Falls, for plaintiffs-appellants.

Jeremiah A. Quane of Quane, Kennedy & Smith, Boise, and Dusenberry, Martin, Bischoff & Templeton, Portland, Or., for defendants-respondents.

McFADDEN, Justice.

Following the crash of a private airplane piloted by defendant-respondent Everett Schutte, the plaintiffs-appellants, Thomas B. and Janet Annau, individually (having been divorced prior to bringing this action) instituted this action seeking damages for their injuries, medical expenses and loss of earnings. The action was brought against both Schutte, the pilot and lessee of the airplane, and Trans-Pac Leasing, Inc., an Oregon corporation, the owner and lessor of the airplane. The appellants alleged negligence on the part of the pilot, Schutte, and also negligence on the part of the owner-lessor, Trans-Pac Leasing, Inc., and sought recovery from both of them.

The case was tried to a jury which returned its special verdict [1] in the form of

---

1. The special verdict reads as follows:

"We, the jury, answer the questions submitted to us in the special verdict as follows:

"QUESTION NO. 1: Was the defendant, Everett Schutte, guilty of negligence which was a proximate cause of the accident?

Answer: Yes_____ No___X___

"QUESTION NO. 2: Was the defendant, Trans-Pac Leasing, Inc., guilty of negligence which was a proximate cause of the accident?

Answer: Yes_____ No___X___

"If you have answered either of the above questions 'Yes' then please answer Question No. 3.

"If you have answered both of the above questions 'No' you will not answer the remaining questions but will simply sign the verdict.
" * * *

/s/ Gloria E. Katz
Foreman."

answers to interrogatories in favor of the respondents and judgment was entered in accordance with the verdict. The appellants moved for a judgment notwithstanding the verdict, or, in the alternative, for a new trial. The motion was denied, and the appellants took this appeal from the judgment and from the denial of their motion for judgment notwithstanding the verdict, or for new trial.

By their assignments of error, the appellants challenge the trial court's ruling denying their motion for judgment notwithstanding the verdict, and in denying their alternative motion for new trial. They also assert the trial court erred in concluding that there was competent evidence from which a jury could conclude that the defendants were not negligent, or if they were negligent, such negligence was not a proximate cause of the appellants' injuries. Appellants also contend that the special verdict was contrary to the great weight of the evidence and contrary to law. Appellants also assign error by the trial court in refusing to instruct the jury in accordance with their requested instruction no. 31, in failing to instruct the jury until after closing arguments, and in failing to require the official court reporter to report the closing arguments of counsel to the jury.

Before discussing the specific assignments of error, a brief summary of the facts brought out at trial will give proper perspective to these assignments of error.

About 1:30 a. m., on April 1, 1973, in Twin Falls County near Rogerson, a Piper Cherokee airplane, piloted by Everett Schutte, crashed. In the crash Tom Annau and Janet Annau, the plaintiffs-appellants, were injured, and one Gerald Hill sustained fatal injuries. The single engine plane was leased to Schutte by Trans-Pac Leasing, Inc. On this flight the plane was leaving Jackpot Nevada, enroute to Boise. At the time of the accident, Schutte held a current private pilot's license which allowed him to fly in VFR (Visual Flight Rules) weather conditions, that is, to fly by visual reference to the horizon and other reference points outside the plane. Schutte did not hold an instrument rating, nor did he have a significant amount of instrument flight instruction. Schutte held a current third class medical certificate which required him to wear corrective lenses while operating the aircraft. On this occasion, Schutte was not wearing his glasses. Schutte also had not made five takeoffs and landings during nighttime within 90 days of this flight, contrary to Federal Air Regulations, Part 1, Sec. 61.47.

Within one hour prior to takeoff, Schutte placed two phone calls to the Burley Flight Service to inquire as to the weather conditions. He was advised that VFR weather conditions existed at Boise and Burley. The record indicates that it had been snowing in Jackpot earlier that evening, but that at the time of take-off it was not snowing and that some stars were visible.

After performing customary pre-flight inspections, Schutte, piloting the plane, took off with the Annaus and Hill as passengers. The take-off was normal, in a northerly direction towards Idaho. A normal rate of climb for the plane was established by the pilot. About four minutes out of the Jackpot airport, Schutte noticed that the plane was in a snow storm. He testified that he flew into the storm about two more minutes and then decided to make a 180° turn so that he could return to the Jackpot airport. He also testified that snow was accumulating on the airplane and that the airspeed indicator indicated a declining airspeed, and the altimeter showed loss of altitude. Using a standard procedure, Schutte made a 180° turn. Schutte testified that after the turn was completed, the air speed and altitude continued to decline, and that the plane became unstable, and that, anticipating a crash landing, he reduced power. The plane then crashed and overturned.

In their alternative motion for judgment notwithstanding the verdict, or for new trial (I.R.C.P. 50(b)), the appellants set out some six items pointing to the

insufficiency of the evidence to justify the jury's verdict. And they also contend that the verdict rendered was contrary to applicable law in some four instances. A motion for judgment notwithstanding the verdict admits the truth of the adverse evidence and every inference that may be legitimately drawn therefrom. Mann v. Safeway Stores, Inc., 95 Idaho 732, 518 P.2d 1194 (1974); Barlow v. Int'l Harvestor Co., 95 Idaho 881, 522 P.2d 1102 (1974). The evidence must be viewed in the light most favorable to the non-moving party. Johnson v. Stanger, 95 Idaho 408, 510 P.2d 303 (1973). A motion for judgment notwithstanding the verdict should not be granted where there is substantial competent evidence to support the verdict of the jury. Mann v. Safeway Stores, Inc., supra; Barlow v. Int'l Harvestor Co., supra.

■ Without detailing the specific grounds set out in their 50(b) motion, wherein appellants claim the evidence was insufficient, suffice it to say that the court has examined each of these contentions, and, viewing the record most favorably for respondents in this instance, we find that at best there is a conflict in the testimony between the appellants' witnesses and respondents' witnesses. Particularly, support for the verdict is to be found in the testimony of one of respondents' witnesses, an airplane pilot of extensive experience and unquestioned qualifications. Under this situation, the trial court did not err in denying the 50(b) motion on the basis of insufficiency of the evidence. Nor did the trial court err in denying the motion on the basis of the assertion that the verdict was contrary to applicable law. In this regard, appellants point to certain F.A.A. regulations and contend the record reflects violations of these regulations. Nevertheless, the jury, under the facts of this case, could easily have determined that the violations of the specific regulations were not a proximate cause of the accident. Generally, issues of negligence and proximate cause are questions for the jury unless the proof is so clear that different minds cannot reasonably draw different conclusions or where all reasonable minds would construe the facts and circumstances of the case in only one way. Anderson v. Blackfoot Livestock Co., 85 Idaho 64, 375 P.2d 704 (1962); Nagel v. Hammond, 90 Idaho 96, 408 P.2d 468 (1965); Johnson v. Stanger, supra.

■ In this case the question of proximate cause was a question of fact, and from the record it appears that the jury could reasonably have determined that none of the claimed violations of F.A.A. regulations proximately caused this accident. We find no error by the trial court in denying appellants' motion for judgment notwithstanding the verdict.

As an additional ground for their 50(b) motion, the appellants contend that counsel for the respondents, by certain remarks in his final argument to the jury, impassioned the jury to the appellant's prejudice. These remarks were set forth in an affidavit submitted by appellant's counsel.

■ There is nothing in the record before this court which indicates that the appellants made a timely objection to these remarks.[2] Inasmuch as the trial judge has the primary opportunity to cure the impact of errors in counsel's remarks, it is counsel's duty to make timely objection to such remarks. Kerby v. Oregon Short Line R. R. Co., 45 Idaho 636, 264 P. 377 (1928). Shaddy v. Daley, 58 Idaho 536, 76 P.2d 279 (1938). *Accord,* Stewart v. City of Idaho Falls, 61 Idaho 471, 103 P.2d 697 (1940).

This court stated, in Shaddy v. Daley, supra,

"The record does not disclose what objection, if any, was made to that statement by respondents' counsel, nor what

---

2. Appellant has assigned as error the failure of the trial court to require the court reporter to report the closing arguments of counsel to the jury. This issue is discussed later in this opinion.

ruling, if any, was made on that objection. If, during the course of a trial, counsel for one of the parties litigant is guilty of conduct which counsel for the other party believes is prejudicial to his client's rights, it is the duty of the latter to make objection thereto, and to ask that the jury be instructed to disregard it, or to move for an order declaring a mistrial. A litigant is not permitted to remain silent under such circumstances with a view to accepting the benefits of a judgment if he wins and of having it vacated and set aside if he loses. [citations omitted]." 58 Idaho at 540, 76 P.2d at 281.

In ruling on a motion for a new trial, the trial court has broad discretion, and an order granting or denying a motion for a new trial will not be disturbed absent manifest abuse of discretion. Rosenberg v. Toetly, 93 Idaho 135, 456 P.2d 779 (1969); Dawson v. Olson, 95 Idaho 295, 507 P.2d 804 (1973); Messmer v. Ker, 96 Idaho 75, 524 P.2d 536 (1974). The record discloses that the facts in this case were exhaustively developed by both sides and presented to the jury for its consideration. Aside from one claimed error in refusing to grant one of their requested instructions (discussed later), appellants have pointed to no errors in the granting of instructions or the admissibility of testimony. We find no abuse of discretion by the trial court in denying appellants' alternative motion for judgment notwithstanding the verdict or for a new trial.

Appellants claim that the special verdict is contrary to the great weight of the evidence and is contrary to law. The court has examined this record in great detail and is of the opinion that there is sufficient competent, although conflicting evidence, to sustain the finding of the jury. In this regard it should be kept in mind that the appellant had the burden of proof in establishing the negligence of the respondents and that the negligence was the proximate cause of their injuries. Curtis v. Dewey, 93 Idaho 847, 475 P.2d 808 (1970);

Dreyer v. Zero Refrigeration Lines, Inc., 92 Idaho 83, 437 P.2d 355 (1968). It cannot be said that reasonable minds could not differ on an interpretation of the facts in this record.

Appellants claim the trial court erred in refusing to instruct the jury in accordance with their requested instruction no. 31. In the requested instruction, appellants sought to have the jury advised to the effect that evidence of the custom of pilots, while worthy of consideration, does not establish the standard of care expected of respondent; and, if the custom of pilots generally is negligent, compliance with its custom is negligence. The requested instruction then goes on to define what is meant by negligence. Instructions given by the trial court adequately covered the definition of what constitutes negligence in a case such as this. We find no prejudice in failing to give this instruction in light of a review in their entirety of the instructions given. Davis v. Bushnell, 93 Idaho 528, 465 P.2d 652 (1970).

Appellants also assign as error the failure of the trial court to instruct the jury prior to the giving of closing arguments by counsel. I.R.C.P. 51 provides in effect that the court shall read the written instructions before the arguments are commenced. However, appellants fail to point out in the record where they objected to this variance in procedure by the trial court, and fail to disclose how they were prejudiced in this regard. Under these circumstances we find no prejudicial error. Archer v. Shields Lumber Co., 91 Idaho 861, 434 P.2d 79 (1967); Dowd v. Dowd's Estate, 62 Idaho 157, 108 P.2d 287 (1941).

Finally, appellants claim the trial court erred in failing to require the court reporter to report the closing arguments of counsel to the jury. I.C. § 1–1103 provides:

"The said reporter shall correctly report all oral proceedings had in said court and the testimony taken in all cases tried before said court, but the parties may, with the consent of the

judge, waive the recording by such reporter of any part of the proceedings or testimony."

In this case the reporter's transcript contains a transcript of all testimony given at the trial, but does not contain voir dire examination of the jurors, the opening statements of counsel to the jury, nor does it contain the arguments by counsel to the jury at the close of the case. The reporter's certificate states: " * * * that the within and foregoing [transcript] constitutes and is a full, true and correct copy of the full transcript of said evidence and proceedings, said transcript consisting of pages 1 through 770, inclusive." No statement that the parties, with the consent of the judge, waived the recording by the reporter of the arguments of counsel is found in the record.

█ It was error for the trial court not to have required the reporter to report oral arguments in the absence of a waiver; if there was in fact a waiver of the record of such argument with consent by the court, it was error for the transcript not to reflect that fact. However, the next question is whether such error was prejudicial to the appellants. The reporting of the closing arguments becomes relevant to this appeal because of allegedly improper conduct of counsel for respondents during his argument to the jury. Appellants, in their motion for a new trial, assigned as one of the grounds for such motion certain allegedly prejudicial remarks and conduct by respondents' counsel in his closing argument; this allegation was supported by an affidavit of appellants' counsel.

This affidavit, viewed in its best light, gives no suggestion that appellants' counsel made timely objection to these remarks and conduct. In Hall v. Johnson, 70 Idaho 190, 214 P.2d 467 (1950), this court, discussing the duty of counsel to call to the attention of the court improper remarks or conduct of counsel, stated:

"The record does not disclose any objections to the conduct of counsel made when it occurred nor was the court re-

quested at the time to correct the counsel. In the case of Hurt v. Monumental Mercury Mining Co., 35 Idaho 295, at page 302, 206 P. 184, at page 186, this court said: 'If the remark was made, the court's attention should have been called thereto immediately, in order that the court might have properly instructed the jury to disregard the same and impose such penalty as it might deem proper. Counsel cannot sit quietly by, knowing that error has been committed, and await the verdict of the jury, and then upon motion for a new trial urge such error as a ground for new trial.'

"In the case of Stewart v. City of Idaho Falls, 61 Idaho 471, 103 P.2d 697, this court said: 'Timely and proper objection should be made to remarks of counsel properly to preserve and present to the Supreme Court alleged errors in remarks so that the trial court may have an opportunity to prevent or, if possible, eradicate the errors by admonition or instruction, and so that there may be adverse ruling or action by the trial court for review by the Supreme Court." 70 Idaho at 196, 214 P.2d at 470.

The basic principle has been succinctly summarized:

"Ordinarily improper and prejudicial comments of counsel during the trial must be objected to at the time the remarks are made or no assignment of error can be made on that point on appeal." Bakes, "Appellate Procedure" 10 Idaho L.R. 117, 131 (1974).

*Accord:* State v. Haggard, 94 Idaho 249, 486 P.2d 260 (1971); State v. Stevens, 93 Idaho 48, 454 P.2d 945 (1969); State v. Aims, 80 Idaho 146, 326 P.2d 998 (1958); State v. Johnson, 77 Idaho 1, 287 P.2d 425 (1955); Shaddy v. Daley, 58 Idaho 536, 76 P.2d 279 (1938); McDonald v. Challis, 22 Idaho 749, 128 P. 570 (1912). See, Sinclair v. Great Northern Ry. Corp., 94 Idaho 409, 489 P.2d 442 (1971); Carey v. Lafferty, 59 Idaho 578, 86 P.2d 168 (1938); State v. Peck, 14 Idaho 712, 95 P. 515 (1908).

Moreover, an affidavit submitted on motion for judgment notwithstanding the verdict, or, in the alternative, is not an appropriate substitute for a timely objection properly recorded.

"It is urged by appellants that improper remarks by counsel before the jury are preserved for consideration and are available on appeal where such remarks are brought into the record by affidavits attached to a motion for new trial, as was done here. Improper remarks of counsel in closing arguments to the jury are not available as a ground for reversal where such remarks are brought into the record only by affidavits executed in support of the motion for new trial [citations omitted].

"Parties are bound by the record they make in the district court and there is nothing in our practice to justify the use of affidavits to establish facts which should have been made of record there, but were not [citation omitted]." Hayward v. Yost, 72 Idaho 415, 424, 242 P.2d 971, 976 (1952).

Thus, it was incumbent upon appellants' counsel, at the time the remarks were made, to object to the remarks and to request the court to record the objection or to request the court to direct the reporter to record what had transpired.

Appellants have the burden to show prejudicial error and this they have failed to do. American Ry. Sup. Ass'n v. Union Pac. Lodge No. 145, 92 Idaho 925, 453 P.2d 574 (1969).

The judgment of the district court and the order denying appellants' motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial are affirmed. Costs to Respondent.

McQUADE, C. J., and DONALDSON and SHEPARD, JJ., concur.

BAKES, J., concurs in the result.