647 P.2d 806

**Arvetta D. JOHNSON, Plaintiff-Appellant,**

**v.**

**H. M. EMERSON and Marge Emerson, husband and wife, and Craig Emerson, Defendants-Respondents.**

**No. 13657.**

Court of Appeals of Idaho.

June 29, 1982.

Eli Rapaich, Rapaich & Knutson, Lewiston, for plaintiff-appellant.

Reed Clements, Clements, Clements & Brown, Lewiston, for defendants-respondents.

BURNETT, Judge.

A light rain was falling on the Lewiston-Clarkston bridge. An automobile driven by Craig Emerson, age sixteen, "fishtailed" as he accelerated and passed other traffic on the bridge, enroute to Lewiston. When Emerson regained control, he saw a stationary vehicle, waiting for a red traffic light, in his lane at the end of the bridge. Emerson applied his brakes, but did not stop in time to prevent a rear-end collision. A passenger exited from Emerson's automobile and looked inside the other vehicle. There he saw the driver, Arvetta Johnson, in a "crouched" position, holding her hand on her neck.

Johnson brought a negligence action against Emerson, and his parents, to recover for alleged spinal injuries and for property damage to her car. A jury returned a verdict simply saying that Emerson had been "not guilty." The jury made no determination as to damages. The district court denied Johnson's motion for judgment n. o. v. or for new trial, and entered judgment in favor of the Emersons. We reverse.

This appeal raises three principal issues. First, was the verdict contrary to law and to the evidence? Second, did the trial court err by denying a pre-trial motion in limine, which sought to restrict evidence about a previous automobile accident? Third, did the Emersons' counsel engage in courtroom conduct depriving Johnson of a fair trial?

I

Johnson broadly challenges the meaning and effect of the jury's verdict. We interpret the verdict to mean that the jury found Emerson "not guilty" of negligence that proximately caused the accident. Questions of negligence and proximate cause are to be resolved by the triers of fact. Their determination will not be disturbed on appeal if it is supported by substantial and competent evidence. *E.g., Mann v. Gonzales*, 100 Idaho 769, 605 P.2d 947 (1980).

In this case, the facts framing the question of young Emerson's negligence were not disputed. The critical facts were furnished by Emerson himself. At trial, Emerson testified that, despite the light rain, he had experienced no difficulty stopping his car before crossing the Lewiston-Clarkston bridge. He expressly acknowledged that he had been driving too fast for conditions on the bridge. He further stated that he was not thinking but "just reacting" after the car "fishtailed" as he passed other traffic. He estimated he was sixty feet behind Johnson's vehicle when he stopped "fishtailing." He applied the brakes; but when he realized the car was not slowing sufficiently, he "kind of

panicked" and "instead of pumping" the brakes, "just hit them real hard." The car skidded until impact.

None of the foregoing testimony was contradicted, impeached or inherently incredible. The jury was not at liberty to disregard such testimony. *See e.g., Dinneen v. Finch,* 100 Idaho 620, 627, 603 P.2d 575, 582 (1979). We hold that the testimony established, as a matter of law, that Emerson had violated Idaho's "basic rule" statute, I.C. § 49–701 (now codified as I.C. § 49–681). This statute provides, in pertinent part, as follows:

No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when ... special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

In *Bale v. Perryman,* 85 Idaho 435, 380 P.2d 501 (1963), our Supreme Court explained the significance of violating a statutory duty:

[I]n civil actions for damages, where injury occurs as a proximate result of a violation of a statute enacted for the protection of motorists, such violation constitutes negligence per se. [Citations omitted.] It must be recognized that certain circumstances furnish an excuse or justification for the negligence presumed· to arise on proof of violation of a statute or ordinance. Such circumstances may generally be classified in four categories: (1) Anything that would make compliance with the statute impossible; (2) Anything over which the driver has no control which places his car in a position violative of the statute; (3) An emergency not of the driver's own making by reason of which he fails to obey the statute; (4) An excuse specifically provided by statute. [85 Idaho at 442–43, 380 P.2d at 505.]

In the present case, we deem it clear that I.C. § 49–681 is a safety statute, enacted for the protection of motorists and other persons using Idaho's roads and highways. Moreover, we find no substantial basis in the record for any of the exceptions enumerated in *Bale v. Perryman* to application of the doctrine of negligence per se.

The Emersons argue that evidence of a rear-end collision does not invariably impose liability upon the driver of the trailing vehicle. They cite cases in which appellate courts of other jurisdictions have upheld determinations by trial courts that drivers of trailing vehicles were not negligent. *See Mallonee v. Finch,* 413 P.2d 159 (Alaska 1966); *Reed v. Stretten,* 69 Mich.App. 519, 245 N.W.2d 117 (1976); *Tibbetts v. Nyberg,* 276 Minn. 431, 150 N.W.2d 687 (1967); *Bernardy v. O. K. Furniture & Rug Co.,* 385 P.2d 909 (Okl.1963); *Peterson v. Sapp,* 385 P.2d 498 (Okl.1963). In our view, these cases are inapposite. In none of them is a statute similar to I.C. § 49–681 discussed. Neither do any of the decisions involve a defendant who lost control of a vehicle while admittedly driving too fast for road conditions at the time of the accident.

We conclude that the jury's verdict, insofar as it might be viewed to represent a finding that Emerson was not negligent, lacks the support of substantial and competent evidence in the record. However, where a jury is not asked to consider separately the issues of negligence and proximate cause, we are required to consider an alternate possibility—that proximate cause has not been established. *Compare, e.g., Stoddard v. Nelson,* 99 Idaho 293, 581 P.2d 339 (1978).

In the instant case, the accident can be attributed to no cause in fact other than Emerson's conduct. No contributory negligence was pleaded or proved; neither was any intervening or superseding cause alleged. Accordingly, it could not be disputed that Emerson's conduct caused the accident. Of course, "proximate cause" means more than the cause of the accident; it refers to the legal cause of the injury or damage sustained. *E.g., Munson v. State, Dept. of Highways,* 96 Idaho 529, 531 P.2d 1174 (1975). The Emersons have disputed Johnson's claim that the accident produced her

spinal injuries; but it is beyond dispute that the accident resulted, at least, in property damage to Johnson's vehicle. Nevertheless, the jury made no determination or award of any damages. Consequently, we cannot characterize the verdict as an appropriate resolution of the issue of proximate cause. Rather, the verdict can be explained only as an erroneous determination by the jury that there was no negligence—and therefore no right to recover either for personal injury or for property damage.

We conclude that the verdict must be set aside and that Johnson is entitled to a new trial. If the evidence at the new trial is substantially the same as that contained in the present record, Johnson will be entitled to an instruction advising the jury, as a matter of law, that young Emerson operated his automobile negligently. We turn now to other issues which must be addressed for guidance upon remand.

## II

Johnson contends that the trial court erred in refusing to grant her motion in limine, concerning evidence of a prior accident. Before trial, Johnson moved to prohibit the Emersons from informing the jury of another accident involving her, which had occurred five years before the collision in question, unless the Emersons could show the court that "there were lasting injuries from that accident which would be relative to the questions before [this] court." The trial judge responded that attempting to rule in advance, on matters not yet presented, posed a dilemma: "The court in these kinds of motions always [has] both hands tied behind its back because it doesn't know anything." Accordingly, the judge denied the motion. We appreciate the judge's dilemma, but we do not believe it should have precluded the trial court from addressing the underlying merits of the motion in limine.

We have been cited no Idaho cases directly on the point. However, two Illinois cases are instructive. In *Caley v. Manicke*, 29 Ill.App.2d 323, 173 N.E.2d 209 (1961), *reversed* on *other grounds*, 24 Ill.2d 390, 182

N.E.2d 206 (1962), an Illinois appellate court upheld exclusion of evidence of previous accidents and concluded that "the burden of connecting up these 'before' and 'after' occurrences, as either contributing (before), or intervening (after) causes, devolved on the defendant." 173 N.E.2d at 211. The court emphasized that, before evidence of other accidents could be admitted, their connection with the injury at issue must be shown. Otherwise, the court observed, the occurrence of a collateral accident would be irrelevant and prejudicial because of the innuendos to which such evidence is susceptible. In *Marut v. Costello*, 53 Ill.App.2d 340, 202 N.E.2d 853 (1964), *modified*, 34 Ill.2d 125, 214 N.E.2d 768 (1965), the reasoning in *Caley* was extended to support a holding that, even where the plaintiff's presentation discloses a prior accident, the defendant may not develop the point on cross-examination unless it is shown to be connected with the injury in question.

The instant case is similar to *Marut*. After Johnson's motion in limine had been denied, she voluntarily disclosed on direct examination that she had been in a prior accident, resulting in a minor concussion which required hospitalization overnight. Counsel for the Emersons did not at any time offer medical evidence to connect that accident with injuries claimed as a result of the accident in question five years later. However, counsel adverted, in cross-examination of Johnson and of her doctors, to the prior accident, and later argued to the jury that Johnson might have sustained a neck injury in that accident. The record on appeal, which includes post-verdict affidavits of several jurors, reveals that suspicion about the prior accident may have been a material factor in the jury's perception of Johnson and her case.

The Emersons' counsel maintains that the prior accident was fair game for cross-examination under Rule 43(b)(3), I.R.C.P., after Johnson mentioned it during direct examination. This contention, while facially correct, begs the real question of whether the motion in limine should have been granted at the outset. We agree with the

rules stated in *Caley* and *Marut*, and believe they should be adopted in this state. Accordingly, we hold that evidence of a plaintiff's prior accidents is not admissible in a tort action, and a motion in limine seeking to exclude reference to such accidents should be granted, unless the defendant shows that the accidents can be connected to the injuries claimed. To alleviate the dilemma of ruling in a pre-trial vacuum, the trial court may allow the showing to be made by an offer of proof. We conclude in this case that, if a similar motion in limine is made before a new trial, it should be granted unless the requisite showing is made.

### III

Johnson argues that the jury was prejudiced by the conduct of the Emersons' counsel during examination of witnesses and during closing argument. The first instance arose when the Emersons' counsel called a police officer as a witness and asked, over objection, whether the officer had been working on a prior date, during the trial, when Johnson's attorney had said the officer was ill and would not testify. The officer replied that he had been working all week. In the second instance, the Emersons' counsel, during direct examination of young Emerson, quoted, over objection, a comment made by Johnson's counsel during a pre-trial deposition of the witness. This comment was to the effect that what happened to young Emerson could have happened to anyone. Johnson's counsel later contended that the comment had been made during the deposition merely to relax the young witness and to relieve the tension.

Finally, during closing argument, the Emersons' counsel implied that Johnson had consulted other attorneys before bringing her suit. He also intimated that she had secured the services of an attorney before she had sought medical assistance for her alleged injury. In addition, he suggested implications to be drawn from Johnson's failure to call as witnesses every local doctor who had treated her after the accident. Johnson's attorney did not object to the comments made by opposing counsel in his closing argument, nor move for mistrial, but later urged these comments as grounds for a judgment n. o. v. or a new trial after the jury returned its verdict.

■ With respect to permissible scope of matters raised in questioning of witnesses, we believe no extended discussion is necessary. Our Supreme Court has held that such matters are subject to control of the trial court, exercising sound discretion. *E.g., State v. Linebarger*, 71 Idaho 255, 232 P.2d 669 (1951). In this case, the references by the Emersons' attorney to statements made by Johnson's counsel, regarding availability of a witness and characterization of the accident, arguably were germane to the merits of the case or to the manner in which the issues were being presented to the jury. Moreover, there has been no showing of material prejudice resulting from the questions asked by the Emersons' attorney. We hold that no abuse of discretion by the trial court, in overruling objections to the questions, has been demonstrated.

■ Regarding comments in closing argument, our Supreme Court has required timely objection to preserve such an issue on appeal. *Annau v. Schutte*, 96 Idaho 704, 535 P.2d 1095 (1975). The court stated, "[i]nasmuch as the trial judge has the primary opportunity to cure the impact of errors in counsel's remarks, it is [opposing] counsel's duty to make timely objection to such remarks." *Id.* at 707, 535 P.2d at 1098. The court quoted from its opinion in *Shaddy v. Daley*, 58 Idaho 536, 76 P.2d 279 (1938), that a "litigant is not permitted to remain silent under such circumstances with a view to accepting the benefits of the judgment if he wins and of having it vacated and set aside if he loses." 58 Idaho at 540, 76 P.2d at 281.

We agree with the rule expressed in *Annau*. However, we do not interpret it to require counsel to raise all objections instantly, during closing argument itself. Frequent objections during argument, even if proper, risk alienating the court and may serve only to emphasize objectionable com-

ments for the jury. *See* Annot., 63 A.L. R.3d 311 (1975). Rather, we hold that if counsel elects to raise the alleged improprieties by a motion for mistrial or by other appropriate means, before the case is submitted to jury, the issue will be preserved for appeal. However, in the case at bar, Johnson did not preserve the issue in this fashion. She waited until the verdict had been returned. Accordingly, we decline to address the issue in this appeal.

The judgment of the district court is reversed, and the cause is remanded for further proceedings consistent with this opinion. Costs to appellant Johnson. No attorney fees on appeal.

WALTERS, C. J., and SWANSTROM, J., concur.