Jerrell **POWELL** and Mrs. Sally Bargeron, Plaintiffs-Appellants,

v.

**LITITZ MUTUAL INSURANCE COMPANY, Defendant-Appellee.**

No. 26800.

United States Court of Appeals
Fifth Circuit.

Dec. 3, 1969.

Rehearing Denied Jan. 12, 1970.

T. Malone Sharpe, Sharpe, Sharpe, Hartley & Newton, Lyons, Ga., Benjamin Smith, Jr., Waycross, Ga., for plaintiffs-appellants.

Larry E. Pedrick, Wilson G. Pedrick, Waycross, Ga., for defendant-appellee.

Before COLEMAN and GOLDBERG, Circuit Judges, and SKELTON, Judge of the Court of Claims.*

GOLDBERG, Circuit Judge:

In this diversity case we must divine Georgia law to decide whether a fire insurance policy was cancelled prior to the destruction of the insured property. In accepting this delphic role we reluctantly, but necessarily, engage in such divination to construe a hitherto unconstrued Georgia statute on the issue involved.

On December 11, 1965, the Lititz Mutual Insurance Company through its local agent, William Maron, issued a fire insurance policy covering a private club near Lyons, Georgia. The named insured was Jerrell Powell, the owner of the club, and the named mortgagee was Mrs. Sally Bargeron. Upon receipt of notice that the policy had been written, the general agent of Lititz in Georgia notified Maron that the company would not insure a private club and instructed him on December 22, 1965, to cancel the policy immediately. The property covered by the policy was destroyed by fire on November 13, 1966. Lititz refused to pay the insurance claim, asserting that the policy had been cancelled. This suit followed.

In the court below there was conflicting evidence concerning the cancellation of the policy. The appellants both denied that they ever received the notice of cancellation or a return of the premium. Appellee asserted that the notice was sent by Maron on December 31, 1965. Appellee's only evidence to support this claim consisted of the certificates of mailing dated December 31, 1965, and the statement of Maron that he sent the notice on the date.

The court instructed the jury that it could find for the plaintiffs if (1) the notice of cancellation was not sent to the plaintiffs, or (2) the plaintiffs did not receive the notice, or (3) the premium was not refunded as required by Georgia Code Ann. § 56–2430.[1]

The Insurance Company objected to this charge, claiming (1) that under § 56–2430 receipt of notice was not required and (2) that under the terms of the policy tender of unearned premiums was not required. The jury by general verdict found for the plaintiffs. Subsequently the court entered a judgment notwithstanding the verdict for the Insurance Company and granted the Com-

---

* Sitting by designation as a member of this panel.

1. Ga.Code Ann.
§ 56–2430. Cancellation.—Cancellation of a policy which by its terms and conditions, may be canceled by the insurer shall be accomplished as prescribed herein: Written notice, stating the time when the cancellation will be effective, but not less than five days from date of notice, or such other specific longer period as may be provided in the contract or by statute, may be delivered in person, or by depositing such notice in the United States mails to be dispatched by at least first class mail to the last address of record of the insured and receiving therefor the receipt provided by the United States Post Office Department. Such notice may or may not be accompanied by a tender of the unearned premium paid by the insured calculated on a pro rata basis. If such tender is not made simultaneously with such notice, it shall be made within 15 days of notice of cancellation, unless an audit or rate investigation is required, in which case such tender shall be made as soon as practicable. Notices of cancellation of policies protecting the interest of the insured and any lienholder shall be delivered or mailed to the last addresses of record as provided herein to the insured and to the lienholders shown in the policy and shall specify when, not less than 10 days or such longer period as may be provided in the contract or by the statute, the cancellation shall become effective.

pany's motion for a new trial. The plaintiffs then perfected this appeal. Finding that the judgment notwithstanding the verdict was erroneously granted, we reverse.

■■ Under Georgia law an insurance policy cannot be cancelled unless notice is at least mailed to the insured. Georgia Code Ann. § 56–2430. The evidence introduced at trial to the effect that the insured, Powell, and the lienholder, Bargeron, never received notice was sufficient under Georgia law to raise an issue of fact as to whether the notice was or was not mailed. As the Georgia Court of Appeals remarked in Allstate Insurance Company v. Buck, 1957, 96 Ga.App. 376, 100 S.E.2d 142,

> "[D]irect evidence that a letter was never received is also admissible as a circumstance to show that it was never mailed. Should these circumstances pointing in opposite direction be in evidence, the question of whether or not the letter of cancellation was mailed is one for determination by the jury." 100 S.E.2d at 145.

*Accord*, New Amsterdam Casualty Company v. Russell, 1960, 102 Ga.App. 597, 117 S.E.2d 239. Moreover, in addition to the evidence of non-receipt from two witnesses, there was also evidence that some time after the purported cancellation Maron accepted another payment on the policy premium and otherwise acted in a manner inconsistent with cancellation. The only contrary evidence, the postal receipt, did not indicate anything other than that a piece of mail was sent by Maron to Powell on December 31, 1965. Certified mail does not require the

sender to indicate its contents. Maron's envelope could have contained a New Year's greeting or a belated Christmas card.

■ There was, therefore, evidence from which the jury could have found that the required notice had not been mailed to Powell or Bargeron. A judgment notwithstanding the verdict is permissible only when without weighing the credibility of witnesses there can be but one reasonable conclusion as to the verdict. Brady v. Southern Railroad, 1943, 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239. In other words, where, as here, there is substantial conflicting evidence a judgment notwithstanding the verdict is improper. As this court said in Boeing Company v. Shipman, 5 Cir. 1969, 411 F.2d 365,

> "If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied * * *."

We therefore find that the motion for judgment notwithstanding the verdict was improvidently granted.

■ The question concerning the new trial is more difficult. Under Rule 50(c)[2] of the Federal Rules of Civil Procedure the trial court is instructed to rule on a motion for new trial when such

---

2. Federal Rules of Civil Procedure, Rule 50 (c) provides:

Conditional Rulings on Grant of Motion. (1) If the motion for judgment notwithstanding the verdict, provided for in subdivision (b) of this rule, is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not

affect the finality of the judgment. In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered. In case the motion for a new trial has been conditionally denied, the appellee on appeal may assert error in that denial; and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.

(2) The party whose verdict has been set aside on motion for judgment notwith-

a motion is made along with a motion for judgment notwithstanding the verdict. The theory is that if the judgment is later reversed on appeal, the case on remand will be governed by the trial judge's award of a new trial. Montgomery Ward and Co. v. Duncan, 1940, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147. However, this court is not compelled to allow the conditional grant to stand if it would be an abuse of discretion to allow a new trial. Berner v. British Commonwealth Pacific Airlines, Ltd., 2 Cir. 1965, 346 F.2d 532, cert. denied, 382 U.S. 983, 86 S.Ct. 559, 15 L.Ed.2d 472; Lind v. Schenley Industries, Inc., 3 Cir. 1960, 278 F.2d 79, cert. denied, 364 U.S. 835, 81 S.Ct. 58, 5 L.Ed. 2d 60; Federal Rules of Civil Procedure, Rule 50(c).

Our review of this issue is greatly hampered by the fact that the court below, in violation of the rule, did not specify the grounds for granting the motion for a new trial. We are convinced from an examination of the record, however, that the new trial was granted because the trial judge changed his mind concerning the instructions given the jury. It should be remembered that the court's charge gave the jury three alternative grounds on which it could find for the plaintiffs, non-mailing, or non-receipt, or non-tender of premiums. If the insurance company failed to mail the notice, or if the notice was not received, or if tender of premium was not made, then the jury was justified in finding for the plaintiffs. Since the jury rendered a general verdict, it is impossible to tell which of the three was the basis of the jury's verdict for the plaintiffs. It is clear, however, that the jury could not have returned its general verdict for the plaintiffs without finding that one of the three essential elements of cancellation had not been satisfied. Therefore, if each of the instructions is correct, then no possible construction of the jury's verdict appears which would not entitle the plaintiff to judgment.

We have already held that there was sufficient evidence to go to the jury on non-mailing of the cancellation, and the defendants has not objected to the instruction on this issue. Concerning the other two issues the defendant does not argue any evidentiary insufficiency; instead, it asserts that the trial court's charge was incorrect as a matter of law. Defendant alleges that under § 56–2430 mailing alone without receipt is sufficient to cancel a policy and that under the terms of the policy a tender of the unearned premium prior to a request by the insured was unnecessary. The defendant is in error on both points.

Section 56–2430 provides that a policy shall be cancelled by written notice which may be delivered in person or by depositing such notice in the United States mails and receiving a postal receipt therefor. The defendant would have us hold that parties cannot contract for more stringent notice procedures. However, the protective design of the statute indicates that it was intended to provide the minimum standards for cancellation. Further, decisions of the Georgia courts before and after the enactment of § 56–2430 indicate that mailing without proof of receipt is sufficient to accomplish cancellation only when that method is specifically provided in the policy. Genone v. Citizens Ins. Co. of N. J., 1950, 207 Ga. 83, 60 S.E.2d 125; Canal Ins. Co. v. Tate, 1965, 111 Ga.App. 377, 141 S.E.2d 851; New Amsterdam Cas. Co. v. Russell, *supra.* Moreover, Georgia has consistently followed the rule that cancellation can be accomplished only by strict compliance with the cancellation provisions of the policy. St. Paul Fire and Marine Ins. Co. v. C.I.T. Corp. for Use of Houston, 1937, 55 Ga.App. 101, 189 S.E. 390; New Amsterdam Cas. Co. v. Russell, *supra.* The Georgia courts, however, have not ruled on the precise question here presented concerning the relationship between the policy provisions and § 56–2430. This court sitting

standing the verdict may serve a motion for a new trial pursuant to Rule 59 not

later than 10 days after entry of the judgment notwithstanding the verdict.

as a diversity court is thus compelled to make an *Erie*-mandated guess as to what the Georgia courts would hold if the question were before them. We hold on the basis of the wording of the statute and the past Georgia cases that § 56–2430 authorizes mailing as the minimum requirement and makes this method sufficient only when the policy so provides. We do not believe the statute places all insurance policies in a straitjacket. When the parties have provided stricter notice provisions, cancellation may be accomplished only by complying with the strict terms of the policy.

Here the policy did not authorize cancellation by mailing. Instead, it provided that the policy could be cancelled at any time "by this company *giving* to the insured a five days written notice of cancellation." By the terms of the policy more than mere mailing was required. The insurer had to *give* the insured written notice. We hold that because of these policy terms if the notice was not received by the insured the policy was not cancelled. The trial court's charge on this issue was, therefore, correct.

█ The company takes the opposite position with regard to tender of premiums. Section 56–2430 requires a tender of the unearned premiums within 15 days of cancellation unless an audit or rate investigation is required. The company did not tender the premiums within the statutory time, nor did it allege that an audit or rate investigation was required. Instead, it claimed exoneration from this requirement by the terms of the policy, which allowed it to cancel without a return of premiums unless demand was made by the insured. Since we have held that § 56–2430 provides the minimum requirements, the defendant's contract argument cannot be accepted. Regardless of the terms of the policy, the minimum requirement for cancellation includes a return of the unearned premium within 15 days unless a rate investigation is necessary. No such investigation has been here alleged. Hence the trial court's charge concerning the tender of premiums was correct.

Since the court's charge on each element of cancellation was correct, since the evidence was overwhelmingly in favor of the plaintiffs, and since no other irregularities appear in the record which would call for the exercise of the trial court's discretion in granting the motion for a new trial, this is an appropriate case for this court to exercise the discretion [3] given it under Rule 50(c) to overrule the trial court's grant of a new trial.

We are in full comprehension of the jury's verdict which has support on both the facts and the law. We need not follow the trial court's unjustified meander to a new trial. For the foregoing reasons the judgment below is reversed with instructions to enter judgment upon the jury's verdict in favor of the plaintiffs.

---

3. Federal Rules of Civil Procedure Rule 50(c), Notes of The Advisory Committee on Rules, 1963 Amendment 28 U.S.C.A. Rule 50:
   "If the motion for new trial has been conditionally granted, and the judgment is reversed, "the new trial shall proceed unless the appellate court has otherwise ordered." The party against whom the judgment n. o. v. was entered below may, as appellant, besides seeking to overthrow that judgment, also attack the conditional grant of the new trial. And the appellate court, if it reverses the judgment n. o. v., may in an appropriate case also reverse the conditional grant of the new trial and direct that judgment be entered on the verdict. See Bailey v. Slentz, 189 F.2d 406 (10th Cir. 1951); Moist Cold Refrigerator Co. v. Lou Johnson Co., 249 F.2d 246 (9th Cir. 1957), cert. denied, 356 U.S. 968, 78 S.Ct. 1008, 2 L.Ed.2d 1074 (1958); Peters v. Smith, 221 F.2d 721 (3d Cir. 1955); Dailey v. Timmer, 292 F.2d 824 (3d Cir. 1961), explaining Lind v. Schenley Industries, Inc., 278 F.2d 79 (3d Cir.), cert. denied, 364 U.S. 835, 81 S.Ct. 58, 5 L.Ed.2d 60 (1960); Cox v. Pennsylvania R. R., 120 A.2d 214 (D.C.Mun.Ct.App.1956); 3 Barron & Holtzoff, Federal Practice & Procedure § 1302.1 at 346–47 (Wright ed. 1958); 6 Moore's Federal Practice ¶ 59.16 at 3915 n. 8a (2d ed. 1954). * * *"