Harold HOLMES, Petitioner,

v.

**Robert WILSON, Respondent.**

Supreme Court of Tennessee.

May 31, 1977.

James D. Todd, Waldrop, Hall, Tomlin & Farmer, Jackson, for petitioner.

Joe C. Davis, Lexington, for respondent.

## OPINION

HENRY, Justice.

The appellate disposition of this civil action for damages turns upon a construction of Rule 50.03, Tenn.R.Civ.P.

### I.

At the conclusion of all the evidence, the defendant moved the court for a directed verdict on the basis of an alleged insufficiency of material evidence upon which to predicate liability. The trial judge overruled the motion, and, under Rule 50.02

Tenn.R.Civ.P. is "deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion."

The jury awarded damages in the sum of $28,000.00.

Defendant, pursuant to Rule 50.02, moved the court to set aside the verdict and judgment and to enter judgment in accordance with his motion for a directed verdict, and, in the alternative for a new trial. The trial judge sustained the motion for a directed verdict and dismissed the action. He did not act upon the alternative motion for a new trial.

Rule 50.03 specifically provides that when a judgment n. o. v.[1] is granted,

. . . the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter *vacated or reversed,* and shall specify the grounds for granting or denying the motion for a new trial. (Emphasis supplied).

On appeal, the Court of Appeals, after pointing out that "the trial judge did not express his reasons for granting the directed verdict", remanded the case with directions that he review the verdict as a thirteenth juror, and specify grounds for sustaining or overruling the motion for a new trial. The court was apparently under the impression that the trial judge had granted a conditional new trial, but such was not the case. The trial judge had granted judgment n. o. v., and nothing more.

On remand the trial judge correctly treated the mandate of the Court of Appeals as a directive "to rule on the motion for a new trial." Pursuant to this directive, the trial judge, acting under Rule 50.03, conditionally granted a new trial, and, as required by the rule, specified his reasons. He made it clear that he was totally dissatisfied with the verdict of the jury and, as thirteenth juror, was in disagreement.

The matter then came before the Court of Appeals for a second time. The Court reviewed the proof and held that there was material evidence from which the jury could reasonably infer that petitioner was guilty of negligence in various particulars and that negligence concurred with the negligence of a co-defendant to cause respondent's injuries. The Court reversed the trial judge's action in granting a new trial and directing a verdict and reinstated the verdict of the jury.

## II.

When a trial judge sustains a motion for judgment n. o. v., Rule 50.03 mandates that he also rule on the alternative motion for a new trial, indicating the grounds for granting or denying the motion.

It must be borne in mind that the grant of a new trial was conditional and becomes effective *only* if the trial judge's action in granting judgment is reversed. This conditional grant of a new trial under Rule 50.03 does not affect the finality of the judgment, and an appeal lies to review it. If the appellate court affirms the judgment n. o. v. the controversy is ended. This follows from the fact that the grant of a new trial was conditional and does not become operable unless and until the judgment is reversed or vacated on appeal. If it reverses the judgment, the grant of the motion for a new trial springs to life, and the case is remanded for a new trial, "unless the appellate court has otherwise ordered." Rule 50.03.

■ We are not concerned with the correctness of the trial judge's action in awarding a conditional new trial. Having expressed his dissatisfaction with the jury verdict, in his capacity as thirteenth juror, his action in awarding a new trial is not reviewable, and the only issue before the appellate courts is his action in entering judgment n. o. v. *Montgomery Ward & Co.*

---

1.  A judgment n. o. v. under Rule 50.02 is not to be confused with a judgment *non obstante veredicto,* as it existed under the old procedure and as described in A. Caruthers, History of a Lawsuit, Sec. 391 (8th ed. 1963).

*v. Duncan,* 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147 (1940).[2]

### III.

Now we look specifically at the judgment n. o. v.

■ A post-trial motion for the entry of judgment in accordance with a motion for a directed verdict made during the trial must be gauged by the usual rules relating to directed verdicts. Those rules require that the trial judge, and the appellate courts, take the strongest legitimate view of the evidence in favor of the opponent of the motion, allow all reasonable inferences in his or her favor, discard all countervailing evidence, and deny the motion where there is any doubt as to the conclusions to be drawn from the whole evidence. A verdict should not be directed during, or after, trial except where a reasonable mind could draw but one conclusion. *Vaughan v. Shelton,* 514 S.W.2d 870 (Tenn.App.1974); *Keller v. East Tennessee Producton Credit Ass'n,* 501 S.W.2d 810 (Tenn.App.1973). See also *Silverii v. Kramer,* 314 F.2d 407 (3rd Cir. 1963).

■ When these rules are applied to the facts in the instant case there is no question but that the issues presented a jury question, and that the judgment n. o. v. was erroneously entered. Neither the trial judge nor the reviewing court is privileged to weigh the preponderance of the evidence when passing upon a motion for a directed verdict or for a judgment n. o. v.

■ When dual motions are presented, i. e. motions for a directed verdict and for a new trial, two standards of consideration are involved. On motion for judgment n. o. v., the sole concern of the trial judge is the existence of material evidence in accordance with the above criteria whereas on motion for a new trial he has a substantially wider, though not unbridled, latitude and

may set the verdict aside when it is against the weight of the evidence or when the interests of justice would be served thereby. Thus the trial judge consistently may overrule a motion for directed verdict or for judgment n. o. v. and grant or deny a new trial. If he or she should sustain the motion for a directed verdict, consistency demands that there be a conditional award of a new trial.

■ We concur with the Court of Appeals' holding that a jury question was presented and the entry of judgment n. o. v. was erroneous.

### IV.

■ When an appellate court determines that a judgment n. o. v. was erroneously entered, it has two choices: the case may be remanded for a new trial, or the verdict may be reinstated. These options flow from the proviso in Rule 50.03:

> If the motion for a new trial is thus conditionally granted, and the judgment is reversed on appeal [1] the new trial shall proceed [2] *unless the appellate court has otherwise ordered.* (Emphasis and brackets supplied).

The Court of Appeals elected to reinstate the jury verdict. We think this was error. The general rule appears to be that the case is remanded for a new trial. *Trice v. Commercial Union Assurance Company,* 334 F.2d 673 (6th Cir. 1964); *Menneti v. Evans Construction Co.,* 259 F.2d 367 (3rd Cir. 1958).

■ In Moore's Federal Practice, the procedure is explained thusly:

> Where the judgment n. o. v. is reversed, *and the trial judge has granted a motion for a new trial,* the case will *ordinarily be remanded* to the trial court for a new trial in accordance with that court's action on the motion for a new trial. But the courts of appeals have authority to

**2.** The *Montgomery Ward* ruling was reaffirmed by the 1963 Amendments to Rule 50(c)(1) Fed. R.Civ.P., which is identical with the first paragraph of Rule 50.03 Tenn.R.Civ.P. in all material particulars. See 5A Moore's Federal Practice, Sec. 50.014.

order "otherwise". (Emphasis supplied) 5A Moore's Federal Practice Sec. 50.14 at 2382.

In Wright & Miller, Federal Practice and Procedure, it is phrased thusly:

> If the appellate court affirms the grant of judgment the case is ended. If it reverses the grant of judgment the *new trial must proceed,* in accordance with the conditional order by the trial court, *"unless the appellate court has otherwise ordered."* (Emphasis supplied). Wright & Miller, Federal Practice and Procedure, Sec. 2540 at 618.

Because this is a question of first impression in this jurisdiction, and in view of the identity of Rule 50(c)(1) Fed.R.Civ.P. and Rule 50.03 Tenn.R.Civ.P., we look to cases decided by federal jurisdictions.

In *Hansen v. Firestone Tire and Rubber Company,* 276 F.2d 254 (6th Cir. 1960) the court, without citation of authority, held that ". . . the appellate court may, in an appropriate case where there is sufficient substantial evidence to support a jury verdict to the contrary, order the cause to be remanded with instructions to reinstate the verdict of the jury." 276 F.2d at 255.

In *Berner v. British Commonwealth Pacific Airlines, Ltd.,* 346 F.2d 532 (2d Cir. 1965) the Court, after finding that the trial judge abused his discretion in awarding a conditional new trial, reversed the grant of a judgment n. o. v. and the conditional grant of a new trial and reinstated a verdict in favor of the defendant.

In *Compton v. United States,* 377 F.2d 408 (8th Cir. 1967) the Court reversed a judgment n. o. v. and reinstated the jury's verdict. However, in that case there was no award of a conditional new trial.

The Court, in *Powell v. Lititz Mutual Insurance Company,* 419 F.2d 62 (5th Cir. 1969), after finding "overwhelming" evidence in plaintiff's favor, and noting that it "need not follow the trial court's unjustified meander to a new trial", reversed a judgment n. o. v. and reinstated judgment in plaintiff's favor. The Court recognized that the theory of Rule 50(c)(1) normally would demand a new trial, but held that it was "not compelled to allow the conditional grant to stand if it would be an abuse of discretion to allow a new trial". 419 F.2d at 65. The Court referred to its "discretion under Rule 50(c) and bolstered its position by citing the advisory commission note reading in part as follows:

> [T]he appellate court, if it reverses the judgment n. o. v., may *in an appropriate case* also reverse the conditional grant of the new trial and direct that judgment be entered on the verdict. (Emphasis supplied). 419 F.2d at 66, fn. 3.

*United States v. F. D. Rich Company,* 437 F.2d 549 (9th Cir. 1970) recognizes that an award of a new trial "is addressed to the sound discretion of the trial judge, and must be left standing by this court absent a showing of abuse of discretion". Emphasis supplied. 437 F.2d at 553. The Court accordingly remanded for a new trial.

*Mays v. Pioneer Lumber Corporation,* 502 F.2d 106 (4th Cir. 1974) involved a judgment n. o. v. only, the trial judge not having passed on the motion for a new trial. The Court correctly and succinctly summarized the issue under consideration as follows:

> There is authority for the proposition that we now have no alternative other than to remand either for a third new trial or for the district judge to consider anew whether to grant another trial. See *Casper v. Barber & Ross Co.,* 109 U.S.App.D.C. 395, 288 F.2d 379, 385 (1961) (Miller, J., concurring and dissenting). But *the better viewpoint,* it seems to us, is that suggested by Professor Moore, who points out that where the judgment n. o. v. is reversed and the trial court has alternatively granted the motion for a new trial, the *case will ordinarily be remanded for a new trial* "[b]ut the courts of appeals have authority to order 'otherwise.'" 5A Moore's Federal Practice § 50.14, at p. 2382 (2d ed. 1974). (Emphasis supplied). 502 F.2d at 110.

*Cargill, Incorporated v. Weston,* 520 F.2d 669 (8th Cir. 1975) recognizes the right of the appellate courts to reinstate a jury ver-

dict, to remand for the trial court's further consideration and to order a new trial.

 When consideration is given to these treatises and federal cases we believe the correct rule to be that in those cases wherein the trial court has granted judgment n. o. v. and has conditionally granted a new trial the appellate court, upon reversal of the judgment n. o. v., should, as a general rule, remand the action for a new trial. Appellate courts, however, may exercise a sound judicial discretion in the matter and may, under exceptional circumstances and in the interest of justice, reinstate the verdict of the jury where the trial judge erred in ruling on a controlling conclusion of law and has approved the verdict of the jury.

In the instant case we find no exceptional circumstances that would justify a departure from the general rule. The action of the trial judge in granting a judgment n. o. v. is reversed. The action of the Court of Appeals in reversing the trial court, in this regard, is affirmed. Its action in reinstating the verdict is reversed.

Affirmed in part; Reversed in part; Remanded.

FONES, Justice, dissenting.

I respectfully dissent.

In my opinion, the learned trial judge was correct in directing a verdict in favor of defendant Holmes. His action was based upon a finding that defendant Holmes was not guilty of any proximate negligence and that the sole proximate cause of the three vehicle accident was the negligence of Jerry McDaniel.

McDaniel entered the four-lane highway from the premises of a barbecue stand on the north side of the highway, crossed the two west-bound traffic lanes and struck the Holmes south-bound vehicle in the left rear, causing Holmes to lose control and strike the rear of plaintiff's pick-up truck, also proceeding in a southerly direction. I do not believe that the varying estimates of Holmes' speed or his failure to be aware of the presence of the McDaniel vehicle at a earlier point in time provided any evidence of proximate negligence.

If the majority is correct in holding that the evidence presented a jury issue as to the negligence of Holmes, I agree that the trial judge's disapproval of the jury verdict requires that the case be remanded for a new trial.

But, in my view, this case presents no issue that calls for an interpretation of the phrase in Rule 50.03, T.R.C.P., "unless the appellate court has otherwise ordered." Plaintiff does not assert any exceptional circumstances surrounding the trial judge's conditional granting of a new trial, nor any other factor that calls for an analysis of situations that might properly require the appellate courts to order otherwise.