840 F.2d 16
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
COOKEVILLE PRODUCTION CREDIT ASSOCIATION, Plaintiff-Appellee,
v.
Sharan Taylor GOOLSBY, Defendant-Appellant.
 No. 87-5184.
 United States Court of Appeals, Sixth Circuit.
 Feb. 29, 1988.
 
 Before KEITH, MILBURN and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Farmers Home Administration issued a check to defendant Sharan Goolsby. She caused the check to be turned over to plaintiff Cookeville Production Credit Association, endorsing the check "for the purpose of refinancing indebtedness owed." The plaintiff Credit Association cashed the check in full knowledge of the fact that while the amount of the check was a little less than Mrs. Goolsby's total indebtedness, the check had been tendered in full satisfaction of the indebtedness. Before it cashed the check, and unbeknownst to Mrs. Goolsby, the Credit Association added a typed reservation of rights with regard to the debt.
 
 
 2
 The Credit Association then sued Mrs. Goolsby for the unpaid balance plus interest. The jury returned a verdict of $5,203.83 for the Credit Association, and the district court denied a motion for judgment N.O.V. On appeal, Mrs. Goolsby argues that she established the affirmative defense of accord and satisfaction. She also contends that the district court erred in instructing the jury on the Tennessee law of accord and satisfaction. Because we find that the defense was established as a matter of law, we shall reverse the district court's judgment.
 
 
 3
 * On March 10, 1982, defendant Goolsby gave a promissory note to Cookeville Production Credit Association in the amount of $28,537. On August 25, 1982, Mrs. Goolsby applied to the Farmers Home Administration (FmHA) for a loan to refinance the Credit Association note.
 
 
 4
 After a substantial delay, a FmHA check for $22,000, payable to Sharan Goolsby, was received at the FMHA office in Smithville, Tennessee. The date on the face of the check was June 22, 1984.
 
 
 5
 On September 18, 1984, at the FmHA office, Sharan Goolsby signed a "debt adjustment agreement" for the Credit Association and endorsed the $22,000 FmHA check as follows:
 
 
 6
 "Paid to the order of Cookeville Production Credit Association for the purpose of refinancing indebtedness owed. / s/ Sharan T. Goolsby."
 
 
 7
 Credit Association representative Don Adamson picked up the check and the debt adjustment agreement from FmHA later in the day, and delivered to FmHA deeds of trust on Mrs. Goolsby's property. Mrs. Goolsby was not present. Mr. Adamson took the debt adjustment agreement with him, but did not sign it.
 
 
 8
 Before cashing the check, the Credit Association added the following language below Mrs. Goolsby's endorsement:
 
 
 9
 "Acceptance, by Cookeville Production Credit Association does not relieve debtor from balance of obligation; however, it is for release of trust deeds only."
 
 
 10
 The Credit Association did not notify Mrs. Goolsby that it had added this statement, nor did it inform her of its failure to sign the debt adjustment agreement. The Credit Association simply cashed the check and pocketed the $22,000. The money was never tendered back to Mrs. Goolsby.
 
 
 11
 On February 26, 1985, the Credit Association filed a possessory warrant against Mrs. Goolsby in the General Sessions Court of DeKalb County, Tennessee, seeking to recover farm machinery and cattle owned by Mrs. Goolsby. The Credit Association subsequently filed a civil action against Mrs. Goolsby in the same court for an unpaid balance of $3,084.08 on her note, plus interest.
 
 
 12
 A money judgment was entered against Mrs. Goolsby, and she sought de novo review by the Circuit Court of DeKalb County. Mrs. Goolsby thereafter filed a third-party complaint against FmHA's Mr. Jerry Jolley, the Farmers Home Administration itself, and the United States. The third-party defendants removed the action to federal court pursuant to 28 U.S.C. Sec. 1441(a) and (b).
 
 
 13
 The Credit Association's claim against Mrs. Goolsby was tried separately before a federal district court jury. The jury returned a verdict for the Credit Association in the amount of $5,203.83. The district court denied Mrs. Goolsby's motion for judgment notwithstanding the verdict, and the judgment entered on the verdict is now before us on appeal.
 
 II
 
 14
 In diversity cases, the courts of this circuit apply the relevant state law standard to evaluate motions that test the sufficiency of the evidence. See, e.g., Arms v. State Farm Fire & Casualty Co., 731 F.2d 1245, 1248 (6th Cir.1984); Chumbler v. McClure, 505 F.2d 489 (6th Cir.1974). The present case is not a diversity action, but we need not decide which standard ought to be applied here because application of either the federal standard or the state standard would produce the same result. Under both Fed.R.Civ.P. 50 and Tenn.R.Civ.P. 50, judgment notwithstanding the verdict is proper if the evidence points so strongly in favor of the movant that reasonable minds could not come to a different conclusion. See Morelock v. NCR Corp., 586 F.2d 1096, 1104 n. 10 (6th Cir.1978), cert. denied, 441 U.S. 906 (1979); Holmes v. Wilson, 551 S.W.2d 682 (Tenn.1977).
 
 III
 
 15
 The substantive issue presented in this case--whether Mrs. Goolsby was entitled to prevail as a matter of law on her affirmative defense of accord and satisfaction--is governed by the substantive law of Tennessee. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 16
 At common law, a creditor's acceptance of a check labeled "payment in full" was not sufficient to discharge a liquidated claim without additional consideration. Quality Care Nursing Services, Inc. v. Coleman, 728 S.W.2d 1, 4 (Tenn.1987). By statute, however, Tennessee has eliminated the common-law requirement of consideration. Tennessee Code Annotated Sec. 24-7-107, "Settlements of debts," now provides that
 
 
 17
 " [a]ll settlements in writing, made in good faith, for the composition of debts, shall be taken as evidence, and held to operate according to the intention of the parties, although no release under seal is given, and no new consideration has passed."
 
 
 18
 If a written instrument stating an intention to discharge a debt is accepted by a creditor, the debt is discharged whether the debt was disputed or not and regardless of the amount paid in consideration. See Quality Care Nursing Services, 728 S.W.2d at 4 (citing Cole v. Henderson, 61 Tenn.App. 390, 454 S.W.2d 374, 380 (1969)).
 
 
 19
 Tennessee Code Annotated Sec. 24-7-106, "Receipts and releases," states that
 
 
 20
 " [a]ll receipts, releases, and discharges in writing, whether of a debt of record or a contract under seal, or otherwise, shall have effect according to the intention of the parties thereto; provided, however, the remittance and acceptance of a check or other instrument bearing on its face words that it is payment or satisfaction in full of a debt or obligation, shall not be considered conclusive evidence of an intention that the debt or obligation for which the same is given by discharged or released, provided that the remittee of such instrument tenders back to the remittor the funds represented by such instrument." (Emphasis supplied.)
 
 
 21
 The provisos in this statute were added by amendment in 1983, a full year before Mrs. Goolsby's FmHA check was issued, endorsed, and deposited. We therefore have no hesitation in looking to the statute in its amended form.
 
 
 22
 Under Tennessee Code Annotated Sec. 24-7-106, the remittance and acceptance of a check bearing language indicating that it is tendered as "payment in full" is not conclusive evidence of an intention to discharge the debt if the payee has tendered back funds in the amount of the check. The statute protects unwary creditors from the consequences of inadvertently cashing checks designated as payment in full of indebtedness exceeding the amount of the checks. See Quality Care Nursing Services, 728 S.W.2d at 6. The intentions and good faith of the parties must be determined from the circumstances surrounding the transaction, and the creditor must have had adequate notice of the debtor's intent. Id. at 5, 6. In Quality Care Nursing Services, the Tennessee Supreme Court found it significant that the evidence did not show that the creditor knew the debt was disputed or that the dispute would be compromised when the check was cashed. Id. at 3, 5. See also Cole, 454 S.W.2d at 384.
 
 
 23
 In the present case, by contrast, the Credit Association had actual notice of Mrs. Goolsby's intention that the Credit Association's acceptance of the $22,000 check would satisfy the debt in full. That is why the Credit Association attempted to change the terms of Mrs. Goolsby's endorsement before cashing the check.
 
 
 24
 Having accepted and deposited the check, the Credit Association could not possibly avoid a complete discharge of the debt without tendering back the $22,000. This it failed to do. The Credit Association therefore cannot claim the benefit of the first proviso in Tennessee Code Annotated Sec. 24-7-106. The $22,000 was offered by Mrs. Goolsby in full satisfaction of the debt, and the offer was knowingly accepted when the Credit Association cashed the check. The counter-offer typed on the back of the check before it was cashed was never communicated to Mrs. Goolsby, and the counter-offer was therefore a nullity. Under Tennessee law, the Credit Association is clearly bound by the composition it entered into when it signified its acceptance of Mrs. Goolsby's offer by cashing the check.
 
 
 25
 The judgment of the district court is REVERSED.