IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 1, 2012 Session

# KEVIN MICHAEL JORDAN v. A.C. ENTERPRISES, INC., A/K/A DIPSTICK, INC.

**Appeal from the Circuit Court for Greene County**
**No. 04CV060     Hon. Thomas J. Wright, Judge**

**No. E2011-02426-COA-R3-CV-FILED-DECEMBER 17, 2012**

Plaintiff's action for retaliatory discharge resulted in a jury verdict in favor of plaintiff and an award of $120,000.00. Defendant appealed. We affirm the Judgment of the Trial Court upholding the jury verdict.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Bradley E. Griffith, Johnson City, Tennessee, for the appellant, A.C. Enterprises, Inc., a/k/a Dipstick, Inc.

Sandra Lee Stanbery-Foster, Greeneville, Tennessee, for the appellee, Kevin Michael Jordan.

**OPINION**

Plaintiff filed a Complaint against defendants, A.C. Enterprises, Inc. a/k/a Dipstick, Inc., and Andre Charade, jointly and severally, asserting claims of wrongful termination and retaliatory discharge. Plaintiff averred that he was working for A.C. Enterprises, Inc., which was also known as Jiffy Lube, from April 25, 2001, until October 2003, and during the

course and scope of his employment, he sustained injuries when the stool he was standing on while working on a diesel engine fell out from underneath him. He stated that the stool was provided by defendants to plaintiff and other employees for their use during the scope of their employment. He stated that he timely notified A.C. Enterprises, Inc., of his injury, and that Andre Charade was notified immediately thereafter.

Plaintiff asserted that he completed a First Report of Work Injury form, at Charade's direction, on or about January 25, 2003, and handed the completed form to his manager. He alleged that Charade instructed A.C. Enterprises, Inc. not to file the form with the workers' compensation carrier for fear that their premiums would increase.

He further asserted that as a result of his injury, he had suffered serious and painful disability which required him to seek medical treatment and incur medical expenses, which also impaired his earning capacity. He thus sought disability benefits and medical expenses.

Plaintiff asserted he returned to work, and "worked a light load, attempting not to aggravate his pain and injury" and on October 15, 2003, he was suspended without being given any reason, and was scheduled to return to work on October 20, 2003. He averred that on October 16, 2003, he returned to see his family physician, and he put him on medical leave. Plaintiff stated that he later received a written Notice of Termination, which contained false allegations about him.

A.C. Enterprises, Inc., a/k/a Dipstick, Inc., and Andre Charade, filed an Answer, and denied that plaintiff suffered a work-related injury, or that he had notified defendants of any injury until after his termination. They asserted that plaintiff was terminated for needlessly harassing, screaming and yelling at a fellow employee.

Numerous witnesses testified in the case and the Court then instructed the jury and there were closing arguments. When the jury reported, the Court read the verdict form wherein the jury found the plaintiff had proved by a preponderance of the evidence all of the elements of his retaliatory discharge claim and all of the jurors affirmed the verdict by a show of hands. The jury also affirmed their damage award for plaintiff of $120,000.00. The jury denied plaintiff's claim for punitive damages.

The Court entered a judgment on the jury verdict, finding plaintiff had proved by a preponderance of the evidence all of the elements of his retaliatory discharge claim against A.C. Enterprises, Inc. The Court held that plaintiff could recover damages for back pay and benefits in the amount of $120,000.00 from A.C. Enterprises, and ruled that plaintiff was not entitled to front pay.

Defendant filed a Motion for Judgment Notwithstanding the Verdict, Alternatively for a New Trial, or Alternatively, for Remittitur of Verdict. The plaintiff filed a Motion to Alter or Amend and for the Court to Comply with Rule 52.01, and argued that front pay should have been awarded. The Court denied plaintiff's Motion seeking to have Dipstick reinstated as a defendant, and the Court later entered an Order denying the Motion for Remittitur and the plaintiff's Motion to Alter or Amend regarding the front pay, as well as defendant's motions.

Defendant appealed and the issues raised on appeal are:

1.   Whether the Trial Court erred in failing to grant the Motion for Judgment Notwithstanding the Verdict?

2.   Whether the Trial Court erred in denying the Motion for Remittitur?

3.   Whether the Trial Court erred in refusing to grant a new trial based on the fact that the judgment of the jury was against the weight of the evidence?

4.   Whether the Trial Court erred in allowing testimony and exhibits regarding the extent of plaintiff's alleged injuries?

5.   Whether the Trial Court erred by not holding that plaintiff was entitled to front pay?

6.   Whether the Trial Court erred by dismissing Dipstick, Inc., as a named defendant?

A.C. Enterprises, Inc., argues that the Court erred in failing to grant its Motion for Judgment Notwithstanding the Verdict. The standard of review applicable to a Motion for Judgment Notwithstanding the Verdict is the same as the standard of review applicable to a Motion for Directed Verdict. *See Holmes v. Wilson*, 551 S.W.2d 682, 685 (Tenn. 1977). As this Court has previously explained:

In ruling on a motion for a directed verdict, both the trial court and the appellate court are required to review the record, discard all countervailing evidence, take the strongest legitimate view of the evidence in favor of the non-moving party, and allow all reasonable inferences in his favor. "The court may grant the motion only if, after assessing the evidence according to the foregoing standards, it determines that reasonable minds could not differ as to the conclusions to be drawn from the evidence." When reviewing a motion for a judgment notwithstanding the verdict, the

-3-

trial court and the appellate court may not assess the credibility of the witnesses.

*Mairose v. Federal Exp. Corp.*, 86 S.W.3d 502 (Tenn. Ct. App. 2001)(citations omitted).

To avoid entry of a Judgment Notwithstanding the Verdict, "the non-moving party must present some evidence on every element of its case - enough evidence to establish at least a prima facie case." *Richardson v. Miller*, 44 S.W.3d 1, 30 (Tenn. Ct. App. 2000). Such a verdict is proper "only where no material evidence exists on one or more elements that the non-moving party must prove." *Kellon v. Lee*, 2012 WL 1825221 (Tenn. Ct. App. May 21, 2012).

Defendant argues that plaintiff failed to show that he made a claim against defendant for workers compensation benefits, or that the claim for workers compensation benefits was a substantial factor in defendant's motivation to terminate the plaintiff, and that these elements are required to prevail on a claim for retaliatory discharge. Regarding plaintiff's claim for workers compensation benefits, clearly, taking the strongest legitimate view of the evidence in favor of plaintiff, discarding all countervailing evidence, and allowing all reasonable inferences in his favor, reasonable minds could not differ as to the conclusions to be drawn from the evidence, i.e., that plaintiff made a claim against defendant for workers compensation benefits by giving notice of his injury.

Plaintiff stated that he had numerous conversations with his manager about his injury, the first of which occurred right after it happened, and that he witnessed his manager call the owner and tell him about it. Ironically, the necessary form, which plaintiff testified was not presented at the time, was faxed from the home office in blank right after the date of plaintiff's injury and plaintiff's first medical examination, according to the fax date stamp and the phone records. Plaintiff testified that he filled out the First Report of Injury form right after he sought medical treatment, and that he gave it to his manager, along with subsequent medical bills, doctors' notes, etc. The other witnesses corroborated plaintiff's testimony regarding his manager's knowledge of the injury, and plaintiff's completion of the First Report of Injury form.

Defendant also argues that plaintiff's claim for workers compensation benefits was not a substantial factor in his termination. As this Court has explained:

[A] plaintiff [in a retaliatory discharge case] may prove causation "by presenting direct evidence of the necessary causal link or by introducing compelling circumstantial evidence of such a link." We are cognizant of the fact that, "[w]here, as here, the claim is one alleging retaliatory discharge and the essential factor to be determined is the employer's motivation, direct evidence of that motivation is rarely

within the plaintiff's possession." "If an employee elects to shoulder this burden with circumstantial evidence, the employee must present direct and compelling circumstantial evidence."

In an effort to prove causation, a plaintiff can present circumstantial evidence in numerous forms, to include the employer's knowledge of the compensation claim, the expression of a negative attitude by the employer toward an employee's injury, the employer's failure to adhere to established company policy, discriminatory treatment when compared to similarly situated employees, sudden and marked changes in an employee's performance evaluations after a workers' compensation claim, or evidence tending to show that the stated reason for discharge was false.

*Newcomb v. Kohler Co.*, 222 S.W.3d 368 (Tenn. Ct. App. 2006)(citations omitted).

In this case, plaintiff had circumstantial evidence that he presented which was compelling. Plaintiff showed that he was the top revenue producer at his store, and his manager and the owner both testified that he was very good at his job. His performance review was good prior to his injury, and the two write-ups that he received prior to the injury were minor incidents for which plaintiff had a plausible explanation. The incident which supposedly led to plaintiff's termination would not be grounds for termination. Plaintiff explained that he never yelled at the employee or treated him badly, and in fact, the employee was insubordinate at best (and not for the first time). It was uncontroverted that neither the owner nor the managers talked to plaintiff about the incident to get his side of the story. Rather, he was suspended and then terminated without explanation, a mere two days after he had to clock out and go to the emergency room because of pain from his injury.

Plaintiff demonstrated that both his manager and other employees at the store had received many more write-ups than plaintiff had, but they were not summarily terminated. Clearly plaintiff presented evidence on this issue, and established a prima facie case for retaliatory discharge. As such, the Trial Court properly denied defendant's Motion for Judgment Notwithstanding the Verdict.

Defendant argues that the Trial Court erred in failing to grant its Motion for Remittitur, and argues that the jury's verdict was excessive, and that the proper measure of damages in a retaliatory discharge case is the amount the employee would have earned had the employer not dismissed him. *Frye v. Memphis State Univ.*, 806 S.W.2d 170 (Tenn. 1991). Defendant asserts the verdict fails to take into account plaintiff's earnings in subsequent employment, such as his next job at O'Reilly Auto Parts.

In this case, the jury awarded plaintiff $120,000.00, and the Trial Court approved the

verdict. As the Supreme Court has made clear, where the trial court approves the jury verdict in its role as "thirteenth juror", we must affirm if there is any material evidence to support the verdict. *Ellis v. White Freightliner Corp.*, 603 S.W.2d 125 (Tenn. 1980). Plaintiff presented evidence that, even considering his earnings at subsequent jobs, he had lost wages in the amount of $96,308.00 up to the time of trial. There was also evidence that plaintiff lost insurance benefits worth over $200.00 per month, which defendant's witness confirmed. Thus, there is material evidence to support the jury's verdict, and it is not excessive, and did take into account plaintiff's subsequent earnings. This issue is without merit.

Defendant argues that it should have been granted a new trial because the jury's verdict was against the weight of the evidence. The standard of review on this issue is the same as the above standard, i.e., when the trial court approves the jury's verdict by denying a motion asking for a new trial, our scope of review is limited to whether there is any material evidence to support the verdict. *Cooper v. Tabb*, 347 S.W.3d 207 (Tenn. Ct. App. 2010). When reviewing the evidence, this Court must take the strongest legitimate view of all the evidence in favor of the verdict; assume the truth of all evidence that supports the verdict; allow all reasonable inferences to sustain the verdict; and discard all countervailing evidence. *Crabtree Masonry Co. v. C & R Constr., Inc.*, 575 S.W.2d 4, 5 (Tenn. 1978). If the record contains " any material evidence to support the verdict, [the jury's findings] must be affirmed; if it were otherwise, the parties would be deprived of their constitutional right to trial by jury." *Id.*

The trial Court refused to award front pay in this case based on factors 1 and 2 set forth in the case of *Emerson v. Oak Ridge Research,* 187 S.W.3d 364, 379 (Tenn. Ct. App. 2005) (citations omitted). The Trial Court was correct in its finding that, if the employer can prove that its business is shutting down, then front pay damages should end with the shutdown. *Lowrimore v. Certified Industries, Inc.,* 2001 WL 812259 (Tenn. Ct. App. July 19, 2001). In this case, there was no question that the Jiffy Lube where plaintiff worked had ceased operations. Further, since front pay is based upon compensating an employee for lost earnings in the future, and is based on that employee's worklife expectancy, then an employee who presented evidence that he was incapable of working would not be entitled to an award of front pay, rather, his claim would have to be addressed by workers comp/disability. The Trial Court did not abuse its discretion in refusing to award front pay in this case.

Finally, plaintiff argues that Dipstick, Inc., should not have been dismissed as a defendant. During the trial, the Court ruled that Dipstick, Inc., should be dismissed as a defendant because there had been no mention of Dipstick, Inc., only A.C. Enterprises, Inc., which was plaintiff's employer. Plaintiff's counsel did not object at the time, but after trial, filed a motion seeking to have Dipstick, Inc., reinstated as a defendant. The Trial Court

denied the motion, holding that plaintiff had not presented sufficient evidence to support a verdict against Dipstick, Inc.

As the Trial Court found, at no time during the trial was Dipstick, Inc., even mentioned. It was clear that plaintiff worked for A.C. Enterprises, Inc., and that A.C. was the proper defendant. The Trial Court did not err in dismissing Dipstick, Inc., from the case and the Judgment of the Trial Court is affirmed and the cost of the appeal is assessed to A.C. Enterprises, Inc., a/k/a Dipstick, Inc.

_____
HERSCHEL PICKENS FRANKS, P.J.