IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

# LAWRENCE T. HOWARD, ET AL. v. VITA NORWOOD, ET AL.

**Direct Appeal from the Circuit Court for Rutherford County**
**No. 39443    Robert E. Corlew, III, Judge**

_____

**No. M1999-00838-COA-R3-CV - Decided May 25, 2000**

_____

In this negligence action, Plaintiffs Lawrence T. Howard and his wife, Sharon E. Howard, have appealed the trial court's final judgment denying their motion for new trial and/or for judgment in accordance with their previous motions for directed verdicts. The Howards filed this lawsuit after Lawrence Howard was involved in a multi-vehicle collision on Interstate 24 in Rutherford County. The Howards originally sued Cari P. Thornton and her husband, Michael E. Thornton, as well as Vita Norwood and her father, Samuel Norwood. The Howards settled their claims against the Thorntons prior to trial. At the trial's conclusion, the jury returned a verdict finding that none of the parties were at fault in the vehicle accident. The jury also found that the Howards had suffered no damages as a result of the accident and that Samuel Norwood was not liable for any fault attributable to Vita Norwood pursuant to the Family Purpose Doctrine. The trial court entered a judgment in accordance with the jury's verdict and denied the Howards' post-trial motion. We affirm the trial court's judgment in its entirety.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

FARMER, J., delivered the opinion of the court, in which HIGHERS and LILLARD, J.J., joined.

D. Russell Thomas and Herbert M. Schaltegger, Murfreesboro, Tennessee, for the appellants, Lawrence T. Howard and Sharon E. Howard.

John Thomas Feene and Catheryne L. Grant, Nashville, Tennessee, for the appellees, Vita Norwood and Samuel Norwood.

**OPINION**

The accident giving rise to this lawsuit occurred at around 7:00 p.m. on Friday, January 10, 1997. Lawrence Howard, a professional truck driver, was driving a Peterbilt tractor attached to a Freuhauf refrigerated trailer loaded with dog food. The combined weight of the tractor and loaded trailer exceeded 40,000 pounds. Howard was driving at a speed of about thirty to thirty-five miles per hour in the westbound lanes of I-24 between Chattanooga and Nashville. It was snowing, and

the road was covered with snow except for ruts that had been made by vehicle tires.

Cari Thornton was driving the vehicle just ahead of Howard's tractor-trailer. The vehicle ahead of Cari Thornton was driven by her husband, Michael Thornton. Shortly before the accident, Michael Thornton, who was traveling at about twenty-five miles per hour, encountered a patch of ice on the road and lost control of his vehicle. Michael Thornton was able to regain control of his vehicle, and he pulled onto the interstate's median strip.

Apparently, Cari Thornton either braked after she saw her husband lose control of his vehicle, or she encountered the same patch of slick roadway. In any event, Cari Thornton also lost control of her vehicle, but, unlike her husband, she was not able to regain control in time to avoid a collision. Lawrence Howard was traveling behind Cari Thornton at a distance of between two and four truck lengths when he saw Thornton's vehicle begin to spin. After spinning a couple of times, Thornton's vehicle slid into the front of Howard's tractor-trailer. Thornton's vehicle then skidded onto the median of the interstate. Moments later, a vehicle driven by Vita Norwood slid into the back of Howard's tractor-trailer. Howard claimed that the two collisions caused his head to hit the inside of the tractor's cab, and he sued the Defendants for his injuries. Sharon Howard joined in her husband's complaint, asserting a claim for loss of consortium.

All of the Defendants answered the Howards' complaint and asserted the defense of comparative fault. Prior to trial, however, the Howards settled their claims against the Thorntons. Consequently, the Howards proceeded to trial against only Vita Norwood and her father, Samuel Norwood. Although Samuel Norwood was not involved in the accident, he owned the vehicle that was driven by his daughter, and the Howards alleged that he was liable for any fault attributable to Vita Norwood pursuant to the Family Purpose Doctrine.

At the conclusion of all the evidence heard at trial, the Howards moved for directed verdicts as to three issues. In their first motion, the Howards asked the trial court to delete Michael Thornton's name from the verdict form on the ground that the evidence did not support a finding of fault against him. Based upon similar reasoning, the Howards next asked the trial court to delete Lawrence Howard's name from the verdict form. The Howards argued that the evidence did not support a finding of fault against Lawrence Howard and that, in any event, any fault assigned to him should be less than fifty percent. In their third motion, the Howards asked the trial court to direct verdicts against Vita Norwood and her father, Samuel Norwood. The Howards argued that, based upon the evidence presented at trial, the fact-finder necessarily would conclude that Vita Norwood was negligent. The Howards further argued that, based upon the undisputed evidence, Samuel Norwood should be held liable for his daughter's portion of the Howards' damages pursuant to the Family Purpose Doctrine.

The trial court denied the Howards' motions. The verdict form submitted to the jury asked the jury to assign fault among four individuals: Vita Norwood, Lawrence Howard, Michael Thornton, and Cari Thornton. The verdict form also asked the jury to determine, without considering the relative percentages of fault, the damages sustained by Lawrence Howard and Sharon Howard.

In its final question, the verdict form asked the jury to determine whether Samuel Norwood should be held liable under the Family Purpose Doctrine for any fault assigned to Vita Norwood.

In returning its verdict, the jury assigned fault of zero percent to each of the individuals listed, including Plaintiff Lawrence Howard. The jury also found that neither of the Howards suffered any damages as a result of the accident. In answer to the last question posed, the jury found that fault should not be imposed against Samuel Norwood under the Family Purpose Doctrine. The Howards filed a post-trial motion for new trial and/or for judgment in accordance with their previous motions for directed verdicts, and the Norwoods filed a post-trial motion for discretionary costs. The trial court denied both post-trial motions and entered a judgment in accordance with the jury's verdict.

On appeal, the Howards contend that the trial court erred in (1) denying their post-trial motion for new trial and/or for judgment in accordance with their previous motions for directed verdicts, (2) including Michael Thornton and Lawrence Howard on the verdict form as individuals against whom the jury could assign fault, (3) failing to direct a verdict as to liability against Defendants Vita Norwood and Samuel Norwood, and (4) failing to rule, as a matter of law, that Plaintiff Lawrence Howard was less than fifty percent at fault in the accident. The Norwoods also have raised an issue on appeal, contending that the trial court erred in failing to assess the Howards with the Norwoods' discretionary costs pursuant to rule 68 of the Tennessee Rules of Civil Procedure.

## I. Standard of Review

A motion for new trial requires the trial court to perform its function as a thirteenth juror. *See Ridings v. Norfolk S. Ry. Co.*, 894 S.W.2d 281, 288 (Tenn. Ct. App. 1994). In describing this function, this court has stated that

> [i]f a trial court is called upon to act as a thirteenth juror following the filing of a motion for a new trial, the trial court must be independently satisfied with the verdict of the jury. . . . In performing this function, the trial court must itself weigh the evidence heard by the jury. . . . If after weighing the evidence, the trial court is satisfied with the verdict, it is that court's responsibility to approve the verdict; on the other hand, if it is not satisfied with the verdict after weighing the evidence, the trial court must grant a new trial. The trial court's performance of its function as thirteenth juror must be performed without regard to and without deference being shown to the result reached by the jury. As the thirteenth juror, the trial court acts as a jury unto itself in evaluating and weighing the evidence presented at trial.

*Ridings*, 894 S.W.2d at 288-89 (citations omitted).

The decision to grant or deny a motion for new trial lies largely within the trial court's

discretion.  *See Mize v. Skeen*, 468 S.W.2d 733, 736 (Tenn. Ct. App. 1971).  When a trial court denies a motion for new trial, and thereby approves the jury's verdict, without providing an explanation for its decision, this court will presume that the trial court performed its function adequately.  *See Ridings*, 894 S.W.2d at 289.  In such a case, this court "may only review the record to determine whether it contains material evidence to support the jury's verdict."  *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 718 (Tenn. Ct. App. 1999).  As this court recently explained, we "do not reweigh the evidence and consider where the preponderance lies."  *Id*.  Instead, we determine whether the record contains material evidence to support the verdict.  *See id*.  If it does, we must affirm the trial court's judgment denying the motion for new trial.  *See id*.

In contrast to its role when faced with a motion for new trial, a trial court does not act as a thirteenth juror when it is presented with a post-trial motion for the entry of judgment in accordance with a previous motion for directed verdict.  Rather than independently weighing the evidence, a trial court faced with such a post-trial motion must gauge the motion "by the usual rules relating to directed verdicts."  *Holmes v. Wilson*, 551 S.W.2d 682, 685 (Tenn. 1977).  Those rules require the trial judge to "take the strongest legitimate view of the evidence in favor of the opponent of the motion, allow all reasonable inferences in his or her favor, discard all countervailing evidence, and deny the motion where there is any doubt as to the conclusions to be drawn from the whole evidence."  *Id*.  The trial court should not direct a verdict, either during or after the trial, "except where a reasonable mind could draw but one conclusion" from the evidence.  *Id*.  Thus, on a post-trial motion for judgment in accordance with a previous motion for directed verdict, the trial court's sole concern is the existence of material evidence.  *See id*.

On appeal, this court must use the same standard as the trial court in considering a post-trial motion for judgment in accordance with a previous motion for direct verdict.  *See Holmes*, 551 S.W.2d at 685.  That is, this court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in the nonmoving party's favor, discard all countervailing evidence, and deny the motion if any doubt exists as to the conclusions to be drawn from the evidence.  *See id*.  Like the trial court, this court's sole concern is the existence of material evidence.  *See id*.  Accordingly, whether this court is reviewing the trial court's denial of the Howards' motion for new trial or the trial court's denial of the Howards' motion for judgment in accordance with their previous directed verdict motions, our standard of review is limited to determining whether the record contains material evidence to support the jury's verdict.  *See id*.; *Overstreet*, 4 S.W.3d at 718; *Scott v. Jones Bros. Constr., Inc.*, 960 S.W.2d 589, 592 (Tenn. Ct. App. 1997); *Cortez v. Alutech, Inc.*, 941 S.W.2d 891, 895 (Tenn. Ct. App. 1996); *Loeffler v. Kjellgren*, 884 S.W.2d 463, 470 (Tenn. Ct. App. 1994); *Grissom v. Metropolitan Gov't*, 817 S.W.2d 679, 685 (Tenn. Ct. App. 1991); *Thompson v. Thompson*, 749 S.W.2d 468, 471-72 (Tenn. Ct. App. 1988); *see also* Tenn. R. App. P. 13(d) (providing that "[f]indings of fact by a jury in civil actions shall be set aside only if there is no material evidence to support the verdict").

## II.  The Howards' Motion for New Trial

Applying the foregoing standard, we first conclude that the record contains material evidence

to support the jury's finding that Defendant Vita Norwood was not at fault in this accident. On appeal, the Howards contend that a reasonable mind could draw but one conclusion from the evidence: that Vita Norwood was negligent in "driving too fast for the conditions then and there existing" and "in driving so closely in bad weather and poor visibility that she was unable to stop and ran into the rear of Mr. Howard's truck." We reject this contention because we believe that Vita Norwood's testimony constituted material evidence from which the jury could have found that she was not negligent.

At trial, Vita Norwood testified that she was not good at estimating distances but that she believed she was traveling between two and four car lengths behind Lawrence Howard's tractor-trailer just prior to the accident. Both in her deposition and at trial, Norwood indicated that she was driving at a speed of only twenty to twenty-five miles per hour. Norwood's vehicle began sliding, and she was unable to regain control before colliding with the rear of Howard's tractor-trailer. Norwood believed that the accident happened because she unexpectedly encountered a patch of ice on the road. Norwood knew that the road was covered with snow, but she did not see any ice on the road prior to the accident. She did not believe that she was traveling too fast for the road conditions, and she thought that she had given herself enough stopping distance between her vehicle and Howard's tractor-trailer. Norwood did not know what else she could have done to avoid the accident. Norwood's testimony was corroborated by that of her boyfriend, Sammy Lee Crumbley, Jr., who was a passenger in the vehicle. If believed, this testimony established that Vita Norwood was traveling slowly with due regard for the road and weather conditions and that, despite Norwood's exercise of due care, her vehicle collided with the rear of Howard's tractor-trailer.

We also reject the Howards' contention that the record contains no material evidence to support the jury's finding that Cari Thornton was not at fault in the accident. Cari Thornton did not testify at trial, and the only testimony regarding her role in the accident was provided by Lawrence Howard. Howard testified that he observed Cari Thornton's vehicle lose traction and begin to spin. Before Thornton could regain control, her vehicle collided with the front of Howard's tractor-trailer and slid onto the median. Howard did not see a patch of ice on the road. Howard had observed snow and ice on the road, but he testified that this section of the road was no more hazardous than any other. The only testimony regarding the cause of the accident was Howard's statement that Cari Thornton hit her brakes shortly before her vehicle began to spin.

Contrary to the Howards' contention, we conclude that this evidence of Cari Thornton's role in the accident did not require the jury to find that she bore some degree of fault. Although Lawrence Howard testified that Cari Thornton applied the brakes just before her vehicle began to spin, the record contains no other evidence as to what caused Thornton to lose control of her vehicle. The evidence does not make clear whether Thornton tried to avoid a collision with her husband's vehicle or whether she simply encountered a particularly slick portion of the road. The evidence also fails to indicate that Thornton acted negligently either before or after she lost control of her vehicle. For example, the record contains no evidence that Thornton was driving too fast just prior to the accident or that she lost control of the vehicle through any fault of her own.

On appeal, the Howards appear to be arguing that, inasmuch as Lawrence Howard was injured in an accident in which he was not at fault, the fault and responsibility for the accident should be placed on the other persons involved in the accident. As this court has observed, however, "it is possible for an injury to occur from an unfortunate accident for which no person is culpable." *Imhoff v. Little*, No. 01A01-9307-CV-00307, 1993 WL 484219, at *3 (Tenn. Ct. App. Nov. 19, 1993) (*no perm. app. filed*). Accordingly, the mere occurrence of this accident did not require the jury to find that Vita Norwood and/or Cari Thornton were at fault.

As for the jury's finding that the Howards sustained no damages, we reject the Howards' contention that, based upon the undisputed testimony of Lawrence Howard's neurologist, reasonable minds could not differ as to whether Lawrence Howard suffered injuries and damages as a result of the accident. Neither the statement of facts nor the argument portion of the Howards' brief sets forth the substance of this testimony or references the portion of the record where the testimony appears. *See* Tenn. R. App. P. 27(a) (providing that appellant's brief shall contain, *inter alia*, statement of facts and argument with "appropriate references to the record"). Apparently, the Howards are referring to the videotaped deposition of Dr. Marc Sharfman that was played to the jury during the trial.

Regardless of the medical testimony that was presented by Dr. Sharfman, we conclude that the record contains material evidence from which the jury could have found that Lawrence Howard's medical problems were not caused by the January 1997 accident. At trial, Lawrence Howard testified that the first impact with Cari Thornton's vehicle caused him to hit his head on the steering wheel of the tractor. Howard then testified that the second impact with Vita Norwood's vehicle "hurled" him backwards and caused him to hit his head on the inside of the tractor's door. Howard described both of these hits as heavy blows, and he indicated that he felt dazed and woozy after the accident. Despite the accident, Howard finished his deliveries and drove home to Kissimmee, Florida. In the days following the accident, Howard suffered from nose bleeds and severe headaches. At the time of trial, Howard still suffered from debilitating headaches which he attributed to the January 1997 accident.

On the other hand, the Norwoods presented evidence from which the jury could have found that Howard was not injured in the accident. Michael Thornton testified that he approached Howard's tractor-trailer shortly after the accident. Initially, Howard seemed unsure as to whether he had been involved in an accident with Cari Thornton. After talking to Michael Thornton for a short time, however, Howard agreed that "it must have been" his truck that collided with Cari Thornton's vehicle. Michael Thornton further testified that, during the accident investigation, Howard told the investigating officers that he did not realize a vehicle had collided with the rear of his tractor-trailer. Vita Norwood and Sammy Lee Crumbley corroborated this testimony, indicating that they also heard Howard make such a statement to the officers. In addition, Crumbley testified that Howard told the officers that "he was fine." The Norwoods' expert witness, a biomechanical engineer named Tyler A. Kress, testified that, because of the disparate sizes and weights of the vehicles involved, Howard probably would not have felt either the impact with Cari Thornton's vehicle or that with Vita Norwood's vehicle. In Dr. Kress's opinion, both impacts would have been

"trivial."

The foregoing testimony constitutes material evidence from which the jury could have concluded that, contrary to Lawrence Howard's trial testimony, the impacts from the collisions with Cari Thornton's and Vita Norwood's vehicles were not sufficiently severe to cause Howard to hit his head on the inside of the tractor. Thus, even if the evidence was undisputed that Howard suffered from debilitating headaches, the jury could have found from other material evidence that the headaches were not caused by the accident. Inasmuch as the record contains material evidence to support the jury's verdict, we conclude that the trial court did not err in denying the Howards' motion for new trial.

### III. The Howards' Motion for Judgment in Accordance with Motions for Directed Verdicts

The Howards also contend that the trial court erred in including Lawrence Howard and Michael Thornton on the verdict form as individuals to whom the jury could assign fault. We are not convinced that the trial court erred in including these individuals on the verdict form. For example, Lawrence Howard's testimony revealed that he was traveling at about thirty to thirty-five miles per hour just before the accident while the evidence indicated that the other individuals involved in the accident were traveling at only twenty to twenty-five miles per hour. Based upon this evidence, the jury could have found that Howard was partially at fault because he was driving too fast for the road and weather conditions.

As for the trial court's inclusion of Michael Thornton on the verdict form, we agree that the record contains meager evidence that his negligence caused the initial collision between Cari Thornton's vehicle and Lawrence Howard's tractor-trailer. As we previously indicated, Cari Thornton did not testify at trial, and the evidence did not clearly indicate whether she lost control of her vehicle because she braked suddenly upon seeing her husband lose control of his vehicle and/or because she hit the same icy patch of road that her husband had encountered moments earlier. We note, however, that the Howards' own expert, a biomechanical engineer named William C. Hutton, suggested that the accident was caused by a chain reaction in which the lead vehicle spun out of control, causing the drivers who followed, beginning with Michael Thornton, to lose control of their vehicles. This version of events was supported by the testimony of the Norwoods' expert, Dr. Kress. Under these circumstances, we conclude that the trial court did not err in including Michael Thornton on the verdict form.

Even if the trial court did err in including Lawrence Howard and Michael Thornton on the verdict form, we conclude that such error was harmless. In *Patterson v. Dunn*, No. 02A01-9710-CV-00256, 1999 WL 398083, at \*16 (Tenn. Ct. App. June 16, 1999) (*no perm. app. filed*), the appellants contended that the trial court erred in including an individual on the jury verdict form when that individual's liability should have been governed by the Tennessee Governmental Tort Liability Act. This court held that, even if the trial court's inclusion of the individual on the verdict form was erroneous, such error was harmless because the jury assessed no fault against him. *See Patterson*, 1999 WL 398083, at \*17. In so holding, we cited the decision of *Turner v. Jordan*, 957

S.W.2d 815, 823 (Tenn. 1997), wherein our supreme court, in addressing the effect of a similar error, held such error to be harmless because, in that case, the jury allocated zero fault to the improperly included individual.

In the present case, the jury assigned zero fault to both Michael Thornton and Lawrence Howard. In accordance with the foregoing authorities, we conclude that any error in including them on the verdict form was harmless.

We also reject the Howards' argument that the trial court erred in failing to direct a verdict of liability against Vita Norwood. "In the final analysis, . . . comparative fault is a question of fact within the jury's province, which should not lightly be invaded by the trial court." *LaRue v. 1817 Lake Inc.*, 966 S.W.2d 423, 427 (Tenn. Ct. App. 1997). As we previously discussed, the record contains material evidence from which the jury could have found that Vita Norwood was not at fault in the accident. Based upon this evidence, we conclude that the trial court did not err in submitting the issue of Norwood's negligence to the jury for its determination. Inasmuch as the jury assigned zero fault to Vita Norwood, we need not address the Howards' arguments concerning the potential liability of Defendant Samuel Norwood under the Family Purpose Doctrine.[1]

Finally, we reject the Howards' argument that the trial court erred in failing to instruct the jury that, as a matter of law, Lawrence Howard was less than fifty percent at fault. As we previously indicated, the record contains material evidence from which the jury could have found that Howard was traveling at a speed that was too fast for the road and weather conditions and that this speed caused or contributed to the initial collision between Howard's tractor-trailer and Cari Thornton's vehicle. Moreover, in light of the jury's finding that Howard was not at fault in the accident, any error in refusing to instruct the jury that he was less than fifty percent at fault was harmless. *See*, *e.g.*, *Hunter v. Burke*, 958 S.W.2d 751, 757 (Tenn. Ct. App. 1997) (holding that any error in failing to instruct jury on issue of comparative fault was harmless where jury found that only other defendant against whom fault could be assigned was not negligent); *see also Rudbal v. Halcomb*, No. 03A01-9309-CV-00314, 1994 WL 242454, at *3 (Tenn. Ct. App. June 7, 1994) (*no perm. app. filed*).

### IV. The Norwoods' Motion for Discretionary Costs

As their sole issue on appeal, the Norwoods contend that the trial court erred in denying their post-trial motion for discretionary costs. Citing rule 68 of the Tennessee Rules of Civil Procedure, the Norwoods contend that they were entitled to an award of discretionary costs because, in February 1999, they made an offer of judgment to the Howards which the Howards rejected and which ultimately proved to be more favorable than the final judgment. Rule 68 provides that

> [a]t any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be

---

[1] *See generally Camper v. Minor*, 915 S.W.2d 437, 447-48 (Tenn. 1996).

taken against the defending party for the money or property, or to the effect specified in the offer, with costs then accrued. Likewise a party prosecuting a claim may serve upon the adverse party an offer to allow judgment to be taken against that adverse party for the money or property or to the effect specified in the offer with costs then accrued. If within 10 days after service of the offer the adverse party serves written notice that the offer is accepted, either party may file the offer and notice of acceptance, together with proof of service thereof, with the court and thereupon judgment shall be rendered accordingly. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in the proceeding to determine costs. ***If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall pay all costs accruing after the making of the offer***. The fact that an offer is made but not accepted does not preclude a subsequent offer.

Tenn. R. Civ. P. 68 (emphasis added).

The Norwoods concede that previous decisions of this court have concluded that the only costs authorized by rule 68 are the costs taxed by the court clerk; these costs do not include discretionary costs, such as deposition costs, court reporter expenses, expert witness fees, and other litigation expenses. ***See Person v. Fletcher***, 582 S.W.2d 765, 766-67 (Tenn. Ct. App. 1979); ***see also Woods v. Herman Walldorf & Co.***, No. 03A01-9803-CH-00085, 1999 WL 38278, at \*10 (Tenn. Ct. App. Jan. 13, 1999), ***perm. app. denied*** (Tenn. June 21, 1999). In accordance with these decisions, we hold that rule 68 did not entitle the Norwoods to an award of discretionary costs in this case. Instead, the trial court's authority to award discretionary costs was governed by rule 54.04(2) of the Tennessee Rules of Civil Procedure.[2] ***See Seals v. England/Corsair Upholstery Mfg. Co.***, 984 S.W.2d 912, 917 (Tenn. 1999); ***Placencia v. Placencia***, 3 S.W.3d 497, 503 (Tenn. Ct. App. 1999). The Norwoods do not contend that the trial court abused its discretion in denying their request for discretionary costs under rule 54.04(2). Thus, we affirm the trial court's decision on this issue.

---

[2]Rule 54.04 governs awards of court costs and discretionary costs and contains, ***inter alia***, the following provisions:

> (1)    Costs included in the bill of costs prepared by the clerk shall be allowed to the prevailing party unless the court otherwise directs, . . . .

> (2)    Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions or trials, and guardian ***ad litem*** fees; travel expenses are not allowable discretionary costs. . . .

Tenn. R. Civ. P. 54.04.

The trial court's judgment is affirmed, and this cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellants, Lawrence T. Howard and Sharon E. Howard, for which execution may issue if necessary.